# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

B.F., a minor child, through his parents, )
MELANIE FIGUEROA and COLIN )
FIGUEROA,  as mother and father/parents )
of the minor child, B.F., and )
in their individual capacity, and )
  )
C.B., a minor child, through his parents, )
ASHLEY BERNAUER and DANIEL )
BERNAUER, as mother and father/parents )
of the minor child, C.B., and )
in their individual capacity, )
  )
     Plaintiffs, )
vs. )     CASE NO:  3:23-cv-03903-JW
  )
SANTA ROSA COUNTY SHERIFF'S )
DEPARTMENT; BOB JOHNSON in )
his official capacity as Sheriff of Santa )
Rosa County; DAVID DANIELS, )
in his individual capacity; CAMELOT )
SCHOOLS OF FLA., LLC d/b/a HIGH )
ROAD SCHOOL OF SANTA ROSA; )
and SCHOOL BD OF SANTA )
ROSA COUNTY. )
  )
     Defendants. )
_____ )

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 1 of 172*

## FIRST AMENDED COMPLAINT

COME NOW Plaintiffs, B.F., a minor child, by and through his parents, MELANIE FIGUEROA and COLIN FIGUEROA (hereinafter referred to as M.F. and C.F.), in their parental capacity and in their individual capacities as noted herein (collectively referred to as B.F. Plaintiffs), and C.B., a minor child, by and through his parents ASHLEY BERNAUER and DANIEL BERNAUER (hereinafter referred to as A.B. and D.B.), in their parental capacity and in their individual capacities as noted herein (collectively referred to as C.B. Plaintiffs), by and through undersigned counsel, hereby file this Complaint against Defendants, BOB JOHNSON in his official capacity as Sheriff of Santa Rosa County; DAVID DANIELS, in his individual capacity; SANTA ROSA COUNTY SHERIFF'S DEPARTMENT; CAMELOT SCHOOLS OF FLORIDA, LLC d/b/a HIGH ROAD SCHOOL OF SANTA ROSA; and SANTA ROSA COUNTY SCHOOL BOARD, and states as follows:

### INTRODUCTION

1.   Plaintiffs bring this lawsuit to address Defendants' unlawful behavior in

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 2 of 172*

manhandling, handcuffing, and Baker Acting their children, in violation of Plaintiffs' rights under the U. S. Constitution and the Americans with Disabilities Act.

2.  Plaintiff, B.F., is a minor child  with disabilities and was in  the 2nd grade at CAMELOT SCHOOL d/b/a/ HIGH ROADS SCHOOL, a company that is operating a public school  located  in Santa Rosa County, Florida. The minor Plaintiff, B.F., shall hereinafter be referred to as "LITTLE B".

3.  On December 8, 2021, Defendants unlawfully, forcibly, and physically restrained LITTLE B, an eight-year-old boy whom they unnecessarily manhandled and  handcuffed  at  school  by  and  through  public employees  and  agents   assigned  to  the  Plaintiff's  school.  School personnel and law enforcement  officers of BOB JOHNSON, sheriff and SANTA  ROSA  COUNTY  SHERIFF'S  DEPARTMENT  then  forcibly removed LITTLE B from the school.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 3 of 172*

4.   Plaintiff, C.B., is a minor child  with disabilities and was in  the 4th grade at CAMELOT  SCHOOL  d/b/a/  HIGH  ROADS  SCHOOL,  a company  that is  operating  a public school  located  in  Santa Rosa County, Florida.

5.   On  November  10,  2021,  Defendants  unlawfully,  forcibly,  and physically  restrained  C.B.,  a  ten-year-old  boy  whom  they unnecessarily manhandled  and  handcuffed  at  school  by and through public employees and agents  assigned to the Plaintiffs' school.  School personnel and law enforcement  officers of BOB JOHNSON, sheriff and SANTA  ROSA  COUNTY  SHERIFF'S  DEPARTMENT  then  forcibly removed C.B. from the school.

6.   Because of "LITTLE B" and C.B.'s small size and physical frailties, the  handcuffs  were  not  designed  for  them,  resulting  in  the  law enforcement officer handcuffing them  contrary  to  guidance  on  the safe  use  of handcuffs  for persons  being  detained/arrested  under  the Baker Act.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 4 of 172*

7. On no occasion was there any imminent danger of serious physical harm to the respective children or anyone else that required the children to be restrained and handcuffed in a fashion that would result in the child suffering injury from the restraint and handcuffs.

8. As a result of being subjected to unnecessary and excessive handcuffing and as a result of LITTLE B and C.B. being forcibly removed from the school by SHERIFF's Deputies while handcuffed and being Baker Acted, Plaintiffs experienced pain, fear, and emotional trauma, and an exacerbation of their disabilities that will stay with them for the rest of their lives.

9. Plaintiffs seek permanent injunctive relief to prohibit Defendants from authorizing or employing the unnecessary and excessive use of physical restraint and handcuffing school children, and the unnecessary seclusion of children, including those with disabilities, and to compel Defendants to revise their policies, practices, and training accordingly. Plaintiffs further

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 5 of 172*

seek an order declaring Defendants' conduct to be unconstitutional and to be in violation of the American with Disabilities Act. Plaintiffs also seek compensatory damages, punitive damages when available, and reasonable attorneys' fees and costs, as noted below.

## JURISDICTION AND VENUE

10.  This Court has the authority to issue declaratory relief, injunctive relief, and other relief pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2101-2102.

11.  This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. §§ 1331* & *1334(3)*, *(4)*, to hear Plaintiff's constitutional claims brought under *42 U.S.C. § 1983* and Plaintiff's disability discrimination claims brough under the American with Disabilities (ADA), *42 U.S.C. §12132 et seq*., and Section 504 of the Rehabilitation Act.

12.  Pursuant to *28 U.S.C. §1391(b)*, venue is proper in this judicial district because the events giving rise to this action occurred in Santa Rosa County,

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 6 of 172*

Florida.

## **THE PARTIES**

13. LITTLE B was, at the time relevant to this lawsuit, an eight-year-old boy enrolled as a student in the School District of Santa Rosa County. He is a student with a disability and qualifies for Exceptional Student Education (ESE) under the exceptionalities of Autism Spectrum Disorder, Disruptive Mood Dysregulation Disorder, and Attention-Deficit/Hyperactivity Disorder. He is a person with a disability protected by the Americans with Disabilities Act.

14. Plaintiffs, M.F. and C.F., are LITTLE B's mother and father. They bring this suit as his parents and guardians and on their own behalf as noted herein.

15. C.B. was, at the time relevant to this lawsuit, a ten-year-old boy enrolled as a student in the School District of Santa Rosa County. He is a student with a disability and qualifies for Exceptional Student Education (ESE) under the exceptionalities of Autism Spectrum Disorder, Attention-Deficit Disorder

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 7 of 172*

Attention-Deficit/Hyperactivity Disorder, and insomnia.  He is a person with a disability protected by the Americans with Disabilities Act.

16.    Plaintiffs, A.B. and D.B., are C.B.'s mother and father. They bring this suit as his parents and guardians and on their own behalf as noted herein.

17.    Defendant SCHOOL BOARD OF SANTA ROSA COUNTY (School Board) is the board of education governing the School District of Santa Rosa County (SRCSD), the public school system for all of Santa Rosa County, Florida.

18.    The SCHOOL BOARD is a public agency for the State of Florida, and a public entity purpose of Title II of the ADA.

19.    Defendant BOB JOHNSON (SHERIFF or JOHNSON) is the duly elected Sheriff of Santa Rosa County authorized under the laws of Florida. The Sheriff is responsible for supervision of Santa Rosa County Sheriff's deputies and is also responsible for developing policies and procedures for the employees of Santa Rosa County Sheriff's Department. BOB JOHNSON

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 8 of 172*

is being sued in his official capacity as Sheriff of Santa Rosa County Florida.

20.    Defendant, SANTA ROSA COUNTY SHERIFF'S DEPARTMENT (SHERIFF'S DEPARTMENT) is the law enforcement agency for Santa Rosa County, Florida and is a public entity for purposes of Title II of the ADA.

21.    Defendants SHERIFF'S DEPARTMENT and SHERIFF are charged with the responsibility of establishing policies, practices, and training for School Resource Officers and law enforcement officers assigned to a public school.

22.    Despite the provisions of federal and state law, Defendants SHERIFF'S DEPARTMENT and SHERIFF are aware that mechanical restraints have been used against elementary aged school children, including school children with disabilities, by School Resource Officers and law enforcement personnel under their supervision. Defendants SHERIFF'S DEPARTMENT and JOHNSON have permitted and, upon information and belief, authorized School Resource Officers and law enforcement officers to use mechanical

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 9 of 172*

restraints in such a way as to constitute excessive force in restraining elementary school children with disabilities, including the unlawful use of handcuffs with excessive force and without necessity.

23.   The SCHOOL BOARD has an agreement with the SANTA ROSA COUNTY SHERIFF'S DEPARTMENT and Defendant JOHNSON, or otherwise contracts for services with the SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, specifically, for the presence of School Resource Officers in Santa Rosa County public schools.  See Exhibit A.

24.   Defendant CAMELOT SCHOOLS OF FLORIDA, LLC d/b/a High Road School of Santa Rosa (CAMELOT) is a school operating under the authority of or in conjunction with the SCHOOL BOARD.     See Exhibit F.

25.   CAMELOT is an alternative school in Santa Rosa County for which the SCHOOL BOARD contracts to provide an emotional support/therapeutic education program for certain of The School Board's exceptional students and other students with behavioral issues and emotional issues.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 10 of 172*

26.    Defendant DAVID DANIELS is a former law enforcement officer who was employed by the JOHNSON and SHERIFF'S DEPARTMENT and at all material times he was working as a School Resource Officer stationed at CAMELOT. He seized and initiated an involuntary examination of LITTLE B and C.B. under the Baker Act in violation of clearly established law and has since been terminated from the SHERIFF'S DEPARTMENT.

## FACTUAL BACKGROUND

27.    During the 2021-22 school year, Plaintiff, LITTLE B, was 8 years old and enrolled in the Second grade at CAMELOT in the Santa Rosa County School District. He stood about 4 foot 3 inches tall and weighed about ninety pounds.

28.    LITTLE B was diagnosed with Autism Spectrum Disorder, Disruptive Mood Dysregulation Disorder, and Attention-Deficit/Hyperactivity Disorder, all developmental disorders. Because of his conditions, LITTLE B has difficulty staying focused, paying attention, controlling behavior, complying with directives, and remaining seated, and is substantially

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 11 of 172*

limited in one or more major life activities, including learning and neurological/brain functions. These limitations were known or should have reasonably been known to Defendants.

29.   During the 2021-22 school year, Plaintiff, C.B. was 10 years old and enrolled in the Fourth grade at CAMELOT in the Santa Rosa County School District. He stood about 4 foot 11 inches tall and weighed about one hundred and nineteen pounds.

30.   C.B. was diagnosed with Autism Spectrum Disorder, Attention-Deficit Disorder, and Attention-Deficit/Hyperactivity Disorder, all developmental disorders. Because of his conditions, C.B. has difficulty staying focused, paying attention, controlling behavior, complying with directives, and remaining seated, and is substantially limited in one or more major life activities, including learning and neurological/brain functions. These limitations were known or should have reasonably been known to Defendants.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600  FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 12 of 172*

31.   During the 2021-2022 school year, personnel with JOHNSON, SHERIFF DEPARTMENT, CAMELOT, and the SCHOOL BOARD were aware that Plaintiffs, LITTLE B and C.B., had been diagnosed with Autism Spectrum Disorder, Attention-Deficit Disorder, and Attention-Deficit/Hyperactivity Disorder, and/or otherwise suffering from a disability.

32.   As of December 8, 2021, DANIELS knew that LITTLE B had been diagnosed with autism spectrum disorder, Disruptive Mood Dysregulation Disorder, and Attention-Deficit/Hyperactivity Disorder, and/or otherwise suffering from a disability.

33.   As of November 10, 2021, DANIELS knew that C.B. had been diagnosed with autism spectrum disorder, Disruptive Mood Dysregulation Disorder, Attention-Deficit/Hyperactivity Disorder and/or otherwise suffering from a disability.

### A.   The Baker Act

34.   Florida has a statutory process for the involuntary hospitalization of people who pose a real and present threat of substantial harm to their well-being; and

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 13 of 172*

it is not apparent that such harm may be avoided through the help of willing family members or friends or other services.  However, each of the Defendants use this procedure against children, particularly in schools, at an alarming rate.

35.   The Baker Act utilizes the same criteria for involuntary examination of youth as it does for adults:

> (1)   CRITERIA. —A person may be taken to a receiving facility for involuntary examination if there is reason to believe that the person has a mental illness and because of his or her mental illness:
> (a)1. The person has refused voluntary examination after conscientious explanation and disclosure of the purpose of the examination; or
> 2. The person is unable to determine for himself or herself whether examination is necessary; and
> (b)1. Without care or treatment, the person is likely to suffer from neglect or refuse to care for himself or herself; such neglect or refusal poses a real and present threat of substantial harm to his or her well-being; and it is not apparent that such harm may be avoided through the help of willing family members or friends or the provision of other services; or
> 2. There is a substantial likelihood that without care or treatment the person will cause serious bodily harm to himself or herself or others in the near future, as evidenced by recent behavior.

Fla. Stat. § 394.463(1)

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 14 of 172*

36.  While courts and some medical and mental health professionals are also authorized by the Baker Act to initiate involuntary examinations, police officers initiate the vast majority of examinations that begin while a child is in school.[1]

37.  Considering the reduced requirements to initiate involuntary examinations, law enforcement officers should and/or do have a greater responsibility to assure that the statutory requirements to Baker Act an individual are satisfied.

---

[1] Initiation by a police officer provides the fewest procedural protections under the statute. When the court initiates an involuntary examination, it must "enter an ex parte order stating that a person appears to meet the criteria for involuntary examination and specifying the findings on which that conclusion is based," and the order "must be based on written or oral sworn testimony that includes specific facts that support the findings." Fla. Stat. § 394.463(2)(a)1. When a medical or mental health professional initiates an involuntary examination, they must "execute a certificate stating that he or she has examined a person within the preceding 48 hours and finds that the person appears to meet the criteria for involuntary examination and stating the observations upon which that conclusion is based." Fla. Stat. § 394.463(2)(a)1. In both cases, a police officer will then take the person into custody and transfer them to a receiving facility only if "other less restrictive means, such as voluntary appearance for outpatient evaluation, are not available." Fla. Stat. § 394.463(2)(a)1.-3. In contrast, for a police officer to initiate an involuntary examination, the only statutory requirement is to "execute a written report detailing the circumstances under which the person was taken into custody." Fla. Stat. § 394.463(2)(a)2

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 15 of 172*

38.     Once sent for an examination, children can wait without their parents for hours or days in a psychiatric facility, also known as a "receiving facility," for an examination by a clinician. The Baker Act permits children to be held for up to 12 hours, including overnight, before this examination even begins. The receiving facility has up to 72 hours to complete this examination, after which the facility must either release the child or seek a court hearing for longer-term detention.

39.     The practice of an involuntary examination identified in Fla. Sta. §394.463 is so common that it has become a verb: a person detained for involuntary examination is often referred to as having been "Baker Acted."

40.     In practice, because children are not expected to care for themselves, school resources officers in Santa Rosa County generally rely on section (b)(2) of the Baker Act when initiating an involuntary examination of a child. Under this provision, the Baker Act is appropriate and legal only when "there is reason to believe that a person has mental illness and because of his or her *mental illness* . . . [t]here is a substantial likelihood that without care or treatment the person will cause serious bodily harm to himself or herself or others *in the near future*. "(emphasis added).

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 16 of 172*

41.    The definition of mental illness under the Baker Act is ""Mental illness" means an impairment of the mental or emotional processes that exercise conscious control of one's actions or of the ability to perceive or understand reality, which impairment substantially interferes with the person's ability to meet the ordinary demands of living," and explicitly **excludes** developmental disabilities. Fla. Stat. § 394.455(29).

   a)    Involuntary commitment of people with developmental disabilities, including ASD, is addressed by a different statute, Fla. Stat. § 393.11, which only allows involuntary confinement by "the circuit court of the county in which the person resides has jurisdiction", only after initiated by the filing of a petition, only after notice, and only after examination by an examining committee.

   b)    Moreover, "The person who has the intellectual disability or autism must be represented by counsel at all stages of the judicial proceeding."

42.    For purposes of the Baker Act, "Serious bodily harm" is "[s]erious physical impairment of the human body; esp., bodily injury that creates a substantial

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 17 of 172*

risk of death or that causes serious, permanent disfigurement or protracted loss or impairment of the function of any body part or organ." *Black's Law Dictionary* (11th ed. 2019).

43.   The Baker Act also includes a section specifically enumerating the rights of persons seized under the authority of the Baker Act, referred to as "patients." Fla. Stat. § 394.459. "The right to individual dignity" is the very first right set forth. Fla. Stat. § 394.459(1).

   a)   This provision states that, "It is the policy of this state that the individual dignity of the patient shall be respected at all times and upon all occasions, including any occasion when the patient is taken into custody, held, or transported." *Id.*

   b)   This provision prohibits "Procedures, facilities, vehicles, and restraining devices utilized for criminals or those accused of crime shall not be used in connection with persons who have a mental illness, except for the protection of the patient or others." *Id.*

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 18 of 172*

c)      By its terms, Fla. Stat. §394.495 prohibits placing Baker Acted children in handcuffs and prohibits them from being transported in marked patrol cars used for transporting those accused of crimes, "except for the protection of the patient or others." *Id.*

44.    Law enforcement officers working for JOHNSON, SANTA ROSA SHERIFF'S DEPARTMENT, and at the schools in Santa Rosa County remove children from their classrooms, handcuff them, and drive them away in the back of police cars like common criminals because of a written or unwritten standard practice. Although these minor students are treated the same as criminals, they are never charged with a crime and often do not pose a danger of serious bodily injury to themselves or others.

45.    JOHNSON's officers automatically, and as a matter of course and practice, determines these children are a threat to themselves or others, has them handcuffed, and takes them to a psychiatric facility for involuntary psychiatric examination in a marked patrol car.

46.    Though these law enforcement officers working for JOHNSON, SHERIFF'S DEPARTMENT and working at the schools in Santa Rosa County Schools, have limited or no mental health training, they are nonetheless vested with the

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 19 of 172*

power to subject children to involuntary psychiatric examination, pursuant to the Florida Mental Health Act, Fla. Stat. §§ 394.451-.47892, known as the Baker Act. The decision to Baker Act minor students is routinely made without parents' input, consent, or prior knowledge and without having received proper training.

47.     Most of these children do not need or benefit from involuntary examination, as they do not suffer from a mental illness and/or do not pose a real and present threat of substantial harm to his or her well-being; and that such harm could be avoided through the help of willing family members or friends or the provision of other services.

48.     Rather than help, Baker Acted children end up deeply traumatized by the experience of being manhandled, handcuffed, paraded in front of their peers, thrown in the back of a police vehicle, and involuntarily brought to a mental health institution where they are promptly discharged/released prior to admission.

49.     Often, law enforcement officers working for JOHNSON, SANTA ROSA SHERIFF'S DEPARTMENT, and those working for other law enforcement departments use the Baker Act statute to manage behavioral issues they are not trained to recognize, deescalate, or properly address.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 20 of 172*

50.    Since 2014, the number of involuntary examinations of children under the age of eighteen (18) has increased by almost three times the rate of examinations of people over the age of 65.

51.    In the 2016-17 school year, children in the State of Florida were seized for involuntary examination under the Baker Act 32,763 times. Of those children, at least 22 percent, and likely significantly more, were taken directly from their schools. Data on involuntary examinations initiated at schools has not been reported in all subsequent years, but, in the most recent reporting year, 2018-2019, Florida children were examined under the Baker Act 37,882 times. See Exhibit B

52.    In 2017-2018, over 46% of all involuntarily examinations were initiated by law enforcement officers.

53.    Despite being aware of their inappropriate overuse of the Baker Act for years, the Defendants maintain their policies and practices and have done little to eliminate unnecessary Baker Act use or to properly train their personnel or contractors on alternatives.

54.    The Defendants' published Baker Act policy, as well as their meager training materials, are full of omissions and inaccuracies about the statute's requirements and provide little guidance about when initiating an involuntary

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 21 of 172*

examination of a child would be appropriate. They also do little or nothing to explain to staff that using the Baker Act in non-emergency situations is far more likely to traumatize children than to help them.

55. The Defendants have failed to take even basic, affirmative steps that could eliminate unlawful Baker Act use, like reviewing uses of the Act after the fact to determine if they were lawful, tracking and monitoring the data it already possesses about Baker Act use, requiring specialized CIT officers review all "Baker Act's", and intervening when schools or employees use it disproportionately often.

56. The Defendants have also unlawfully failed to allow parents, who have the best knowledge of and legal right to make decisions regarding their children's mental health, to decide if involuntary psychiatric hospitalization is appropriate.

57. Further, the Defendants have failed to use the numerous mental health professionals they employ or that are available to them as employed by the School Board to make determinations regarding use of involuntary examination, instead entrusting those decisions to police officers who lack the fundamental mental health training, education, and experience.

58. Addressing these failures and employing other basic interventions are

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 22 of 172*

necessary to end the Defendants systematic abuse of involuntary psychiatric examination of the students in its care and unnecessary abduction of innocent children to traumatic psychiatric facilities.

59.   According to the Florida Department of Education, 14% of the students in the Santa Rosa County School District have disabilities under the Individuals with Disabilities Education Act (IDEA).[2]

### B. Unnecessary Involuntary Psychiatric Hospitalization Is Deeply Harmful To Children And Their Families

60.   The unnecessary use of involuntary examination through the Baker Act puts children and their families at significant risk of long-term and serious psychological harm. As a result of being subjected to involuntary examination under the Baker Act, children may experience new or exacerbated post-traumatic stress, general anxiety, separation anxiety, depression, humiliation, and emotional withdrawal.

61.   Being subjected to unnecessary involuntary examination through the Baker Act risks significant harm to children in multiple ways. Children experience

---

[2] 2019 Santa Rosa LEA Profile (fldoe.org)

Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 23 of 172*

harm from the actions of school police in restraining them with handcuffs and/or hobble restraints, removing them from school, and transporting them to a Baker Act receiving facility. Children experience harm from being removed from their families. Children experience harm from being subjected to the unnecessarily restrictive environment of the receiving facility. Moreover, children experience harm from lost instructional time and a loss of school connectedness.

62.   Children who have been handcuffed or placed in hobble restraints—forms of mechanical restraints—put in the back of a police car, and taken to a psychiatric hospital are understandably and virtually inevitably traumatized by the experience.[3]

---

[3] *See* Statement of Interest of the United States, *S.R. et al. v. Kenton County et al.*, no. 15-cv- 00143-WOB-JGW (2015), ECF no. 32 (Collecting cases for the proposition that "[h]andcuffing a young child, particularly a child with a disability, constitutes an extraordinary intrusion" and "[s]uch interactions are fraught with the potential for lasting trauma and damage.") (observing that children with mental health and other disorders are at especially high risk for death or serious injury from the use of restraints).

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 24 of 172*

63.  The use of restraints, including mechanical restraints, has been found to subject children, especially children with disabilities, to a high risk of harm.[4] Compared to children who are not handcuffed during an encounter with police, children who are handcuffed by police report significantly higher emotional distress during the interaction, and social stigma and post-traumatic stress afterwards.[5]

64.  This trauma is compounded when children arrive at a receiving facility, where they must wait hours or days for examination in a locked jail-like facility— indeed, some children refer to their time in Baker Act facilities as when they were "in jail." In this unfamiliar place, they often spend a night or more away from their parents for the first time in their lives. Sometimes they are not even

---

[4] *See* General Accounting Office, *Improper Restraint or Seclusion Use Places People at Risk*, (Sept. 1999), https://www.gao.gov/products/hehs-99-176; U.S. Department of Educ., *Restraint and Seclusion: Resource Document*, at 12 (May 2012), http://www.ed.gov/policy/seclusion/restraints-and-seclusion-resources.pdf (recommending that "[s]chools should never use mechanical restraints to restrict a child's freedom of movement").

[5] *See* Jackson et al., *Police Stops Among At-Risk Youth: Repercussions for Mental Health*, Journal of Adolescent Health 65 (2019) 627-632, https://www.amostbeautifulthing.com/wp- content/uploads/2020/01/Police-Stops-Among-At-Risk-Youth-Repercussions-for-Mental- Health.pdf.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 25 of 172*

allowed to talk to their parents for days, and in-person visitations are regularly limited to once a week.

65.    The conditions within psychiatric facilities have been found to traumatize individuals. In one of the most comprehensive studies of experiences in psychiatric facilities, researchers found that patients experienced physical assault and sexual assault at high rates in mental health facilities, and most witness traumatic events while there.[6] Other studies have similarly found that the majority of individuals in mental health facilities experience trauma victimization and that almost half suffer from post-traumatic stress disorder as a result of their experiences in the psychiatric facility itself.[7] These experiences can be especially damaging or retraumatizing for patients in

---

[6] *See* B. Christopher Frueh, et al., *Special Section on Seclusion and Restraint: Patients' Reports of Traumatic or Harmful Experiences Within the Psychiatric Setting*, 56 Psychiatric Services 1123-1133 (2005), https://ps.psychiatryonline. org/doi/pdfplus/10.1176/appi.ps.56.9.1123.

[7] *See* Karen J. Cusack, et al., *Trauma Within the Psychiatric Setting: A Preliminary Empirical Report*, 30 Administration and Policy in Mental Health 453-460 (2003).

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 26 of 172*

psychiatric facilities who may already be vulnerable or have experienced past trauma.[8]

66.   Childhood traumatic stress can have significant and lasting effects on a child's development. It can impact a child's physical and mental development, make it more difficult to learn and focus, and impact a child's way of thinking about the world around them and their own future.[9]

67.   Receiving facilities are not equipped to provide treatment for ongoing psychiatric conditions. Involuntary examination is intended only to provide emergency stabilization of people in genuine psychiatric crises that pose a risk to themselves or others and to determine if longer-term institutionalization is necessary for that same purpose. Even if a child has a serious mental illness that is not responding to existing treatment, involuntary examination is not beneficial unless it serves these goals. Indeed, facilities often provide little or

---

[8] *See* Frueh et al., n. 8 above.
[9] *See* The National Child Traumatic Stress Network, *What is Child Traumatic Stress?*, (2003), https://www.samhsa.gov/sites/default/files/programs_campaigns/childrens_mental_health/what- is-child-traumatic-stress.pdf

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 27 of 172*

no therapy and are often unable to administer children medications they have already been prescribed and need.

68.   Research on children subjected to involuntary examination has shown that children learn from the experience that if they are open with adults about their thoughts and emotions, including normal feelings of sadness, they will be punished and taken away from their parents.[10] This lesson makes it less likely that children will be willing to engage in future mental health treatment or counseling, or that children will be honest about any true mental health concerns. *Id.*

69.   The use of the Baker Act also results in missed school time. This includes the time that the child is transported by the police officer to the receiving facility and held at the receiving facility pending involuntary examination. It may also include time that the child must spend out of school dealing with the aftereffects of the Baker Act. Parents and children may be understandably

_____

[10]  *See* Jones, N., Gius, B.K., Shields, M. et al., *Investigating the impact of involuntary psychiatric hospitalization on youth and young adult trust and help-seeking in pathways to care*, Soc Psychiatry & Psychiatric Epidemiol (2021).

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 28 of 172*

reluctant to return the child to school given their memories of the traumatic Baker Act experience and when facing the possibility of another involuntary examination, resulting in further delays. Instructional time is critical to student achievement,[11] and this educational disruption can ultimately result in school transfer, lower grades,[12] dropped classes, and/or being placed on a lower academic track.

70.     The unnecessary use of involuntary examination under the Baker Act also risks harm to students' school connectedness, students' belief that adults within the school care about them and their educational progress.[13] That sense of connectedness is critical to protect against a number of risk factors for poor academic and life outcomes. School connectedness functions as a critical

---

[11]  *See* M. Karega Rausch & Russell J. Skiba, *The Academic Cost of Discipline: The Relationship Between Suspension/Expulsion and School Achievement* 6 (2006), http://www.agi.harvard.edu/Search/download.php?id=45.

[12]  *See* Aaron Kupchik, *Things are Tough All Over: Race, Ethnicity, Class and School Discipline*, 11 Punishment & Society 291, 307, (2009), http://www.suspensionstories.com/wp-content/uploads/2010/10/things-are-tough-all-over.pdf (finding that lost instructional time served to aggravate students' academic deficits because they fell further behind their classmates).

[13]  *See* Centers for Disease Control and Prevention, *School Connectedness: Strategies for Increasing Protective Factors Among Youth* 3 (2009), http://www.cdc.gov/healthyyouth/adolescenthealth/pdf/connectedness.pdf.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 29 of 172*

factor in supporting academic achievement for economically disadvantaged students and also protects against health risks that reduce students' focus on academics and achievement.[14] Students with high degrees of school connectedness are less likely to attempt suicide[15] or engage in violent behavior.[16] For students to feel connected to a school community, they must

---

[14] *See* Bronwyn E. Becker & Suniya S. Luthar, *Social-Emotional Factors Affecting Achievement Outcomes Among Disadvantaged Students: Closing the Achievement Gap*, 37 Educ. Psychologist 197-214 (2002), http://www.ncbi.nlm.nih.gov/pmc/articles/PMC3523355/; Dorian Wilson, *The Interface of School Climate and School Connectedness and Relationships with Aggression and Victimization*, 74 Journal of School Health 293, 298 (2004), available at http://www.jhsph.edu/departments/population-family-and-reproductive-health/_archive/wingspread/Septemberissue.pdf.

[15] *See* CDC, *School Connectedness*, n. 15, above; Bronwyn E. Becker & Suniya S. Luthar, Social-Emotional Factors Affecting Achievement Outcomes Among Disadvantaged Students: Closing the Achievement Gap, 37 Educ. Psychologist 197-214 (2002), http://www.ncbi.nlm.nih.gov/pmc/articles/PMC3523355/; Dorian Wilson, *The Interface of School Climate and School Connectedness and Relationships with Aggression and Victimization*, 74 Journal of School Health 293, 298 (2004), http://www.jhsph.edu/departments/population- family-and-reproductive- health/_archive/wingspread/Septemberissue.pdf.

[16] *See id.*; *see also* Richard F. Catalano et al., *The Importance of Bonding to School for Healthy Development: Findings from the Social Development Research Group*, 74 Journal of School Health 252, 256, 259 (2004), http://citeseerx.ist.psu.edu/viewdoc/download?doi=10.1.1.464.4284&rep=rep1&type=pdf.

---

*Amended Complaint – Figueroa., et al v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 30 of 172*

perceive school authorities to be caring and fair.[17] A school's unnecessary reliance on school police undermines this perception:[18] negative interaction with school police has been found to damage students' views of teachers' authority.[19]

71.    In 2009, the U.S. Government Accountability Office (GAO) published a nationwide study documenting hundreds of alleged incidents of restraint

---

[17] See Jaana Juvonen, RAND, *School Violence: Prevalence, Fears and Prevention*, 3 (2001), http://www.rand.org/pubs/issue_papers/IP219.html (conclu ing that the presence of police on campus can "breed a sense of mistrust among students"); Adena M. Klem & James P. Connell, *Relationships Matter: Linking Teacher Support to Student Engagement and Achievement*, 74 J. of Sch. Health 262, 266 (2004),
http://www.fifeschools.com/fhs/documents/RelationshipsMatterLinkingTeacherSup porttoStudentEngagementandAchievement.pdf; Catalano et al., n. 17, above
[18] Juvonen, n. 19 above.
[19] See Arrick Jackson, *Police-school Resource Officers' and Students' Perception of the Police and Offending*, 25 Policing: Int'l J. Police Strategies & Mgmt. 631, 634 (2002) (finding that officers' presence on school campuses posed obstacles for free and open learning environments by damaging students' view of teachers' authority); Matthew J. Meyer & Peter E. Leone, *A Structural Analysis of School Violence and Disruption: Implications for Creating Safer Schools*, 22 Education and Treatment of Children 333, 349 (1999) (creating a highly scrutinized school environment may result in higher levels of disorder),
http://www.popcenter.org/problems/bomb_threats/pdfs/mayer%26leone_ 1999.pdf.

---

*Amended Complaint – Figueroa., et al v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 31 of 172*

and seclusion in schools from 1990 to 2009, including 20 incidents causing death. Virtually all of the incidents identified by the GAO involved children with disabilities. The same year, in testimony before the House Education and Labor Committee, the GAO presented its study and reported on the risks of injury and death related to the use of restraint and seclusion on children. The GAO explained that even if no physical injury is sustained, individuals can be severely traumatized during restraint.

72. Following the GAO report and testimony, U.S. Secretary of Education Arne Duncan wrote a letter to all states requesting that they review and revise their policies regarding restraint and seclusion.

73. In 2010, the Florida Legislature enacted Section 1003.573, Fla. Stat., to limit the use of physical restraint and seclusion of children with disabilities at school.

74. Section 1003.573, Fla. Stat., provides that school personnel, including school resource officers, may not use mechanical restraints, such as handcuffs, on children in the 5th grade or lower.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 32 of 172*

### C.    Defendant, Daniels' Employment with the Sant Rosa County Sheriff's Department

75.    Defendant, DANIELS, was employed as a law enforcement officer with JOHNSON and the SHERIFF'S DEPARTMENT since approximately October 2016, but his employment has taken such a downward trajectory that he was relegated to working as a School Resource Officer due to his work history and has since been fired.

76.    In or about May 2021, Defendant DANIELS was working as a Field Training Officer for JOHNSON and the SHERIFF'S DEPARTMENT and was assigned to patrol duties.

77.    In May 2021, Defendant DANIELS was late reporting to work. When Daniel's finally showed up, it was noted that he smelled of alcohol and there were concerns about whether he could perform his work duties. Daniels denied that he had been drinking to his supervising officer, but s subsequent breath sample revealed that Daniels had alcohol in his system and that he was untruthful to his supervisor. Daniels was then placed on administrative leave.

78.    On or about June 24, 2021, following an Internal Affairs investigation, Daniels was suspended for ten (10) days.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 33 of 172*

79.    Upon completing his suspension, Daniels returned to work but did not return to his duties as a Field Training Officer. Instead, he was assigned miscellaneous duties, including working as a School Resource Officer at CAMELOT. On September 25, 2021, Daniels was officially reclassified as a School Resource Officer. This position was a punishment for Daniels. **See Exhibit C.**

80.    Before relegating Daniels to work as a School Resource Officer, JOHNSON and the SHERIFF'S DEPARTMENT neglected to provide Daniels sufficient training for this position. Although Defendant, Daniels had completed many training protocols, he received minimal training with regard to mental health, Baker Act,  etc., at best.   For example,

a)    On August 25, 2019, Daniels completed the Sheriff's Office training protocol for "Autism Training". This training module lasted approximately *4 minutes* and there were no test questions used to verify knowledge. He completed the same 4-minute Autism training module on September 17, 2020, and again on July 9, 2021;

b)    Daniels was not required to, and did not, complete the Baker Act training protocol, and

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 34 of 172*

c)   Daniels did not receive any training for school resource officers, such as the CJSTC School Resource Officer #90 training module. However, according to the Sheriff's Offices training records, Daniels did not start to take the CJSTC School Resource Officer forty (40) hour training protocol until 12/27/2021 at 12:00 AM (which was after the incident concerning LITTLE B and C.B., and was about 5 months after he started to work as a school resource officer).  Daniels completed the 40 hours training in exactly three (3) days, completing same on December 30, 2021, at 12:00 AM.

d)   Further, Daniels never had training as a Crisis Intervention Team (CIT) Member, which is a specially trained deputy who has received a minimum of forty (40) hours of advanced training in the recognition of persons in a mental health crisis and the appropriate intervention techniques.

### D.   SCHOOL DISTRICT and CAMELOT Illegally Initiated Involuntary Examinations Of Schoolchildren

i.   <u>LITTLE B</u>

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 35 of 172*

81.    LITTLE B was eight years old and in second grade when DANIELS seized him for involuntary examination after he became upset.

82.    LITTLE B was eligible for ESE with exceptionalities of ASD and has a medical diagnosis of ADHD, of which the CAMELOT had been informed.

83.    SCHOOL BOARD AND CAMELOT had been aware of LITTLE B's disabilities since, at least, the beginning of the 2021 school year, when they assigned him to the HIGH ROADS school instead of a traditional public school operated by SCHOOL BOARD.

84.    LITTLE B lives with his parents, M.F. and C.F., his legal guardians.

85.    On multiple occasions in the 2020-2021 school year, LITTLE B was restrained in the HIGH ROADS classroom.

86.    On December 8, 2021, LITTLE B was upset in his classroom and hit others in his classroom.

87.    In the past, multiple strategies had proved effective to deescalate LITTLE B and were known to CAMELOT. For example, when he was upset at

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 36 of 172*

CAMELOT on a prior occasion, LITTLE B's parents talked to him and calmed him down. Similarly, simply allowing him to sit by himself and calm down, instead of having several people talk to him, would have allowed him to deescalate. However, none of these effective strategies were tried.

88. Instead, school staff put LITTLE B in the "serenity room" and kept antagonizing or pressuring him to talk about the incident. Then, CAMELOT school personnel called School Resource Officer DANIELS, who was unprepared to address a disabled child and so attempted to handcuff LITTLE B. DANIELS took LITTLE B down to the floor, applied pressure to his body, and handcuffed him.

89. LITTLE B was then placed in the back of a marked police car, where he waited for another office to arrive in another marked police car, so LITTLE B could be transported for a Baker Act evaluation.

90. DANIELS was employed by JOHNSON and SHERIFF DEPARTMENT but stationed at LITTLE B's school pursuant to a Security Agreement between with the SHERIFF DEPARTMENT and SCHOOL DISTRICT, under which

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 37 of 172*

SCHOOL DISTRICT paid the SHERIFF DEPARTMENT to station officers at some of its schools.   See Exhibit A.

91.  Under that contract, DANIELS was required to abide by the SCHOOL BOARD policies and shall consult with and coordinate activities through the school principal.

92.  LITTLE B. did not have access to a weapon and made no overt action to harm himself.

93.  DANIELS had no reason to believe LITTLE B had a mental illness.

94.  DANIELS had no reason to believe that LITTLE B. posed an imminent danger of serious bodily harm to himself or others.

95.  Nonetheless, because of his lack of training and because of the policies and practices of Defendants, DANIELS initiated Defendants' standard involuntary commitment process, and while LITTLE B was being transported to West Florida Hospital, LITTLE B's mother was told that LITTLE B was being transported for involuntary examination. She was not

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 38 of 172*

asked for and did not provide her consent for LITTLE B's involuntary examination.

96.   There is no documentation that any medical or mental health professional was consulted about the decision to use the Baker Act on LITTLE B.

97.   In the incident report prepared by DANIELS, he detailed the behavioral issues that day; however, he never mentioned LITTLE B's ASD diagnosis or placement in an ASD classroom, or any other available less-intrusive options that could have been used to deescalate him.

98.   The incident report also did not state that LITTLE B was handcuffed and placed in the back of DANIELS' police car like an alleged criminal for about thirty (30) minutes before he was moved to the "transport" marked police car, and then transported to a receiving facility about 15 minutes away.

99.   No school counselor, other school employee, or adult accompanied LITTLE B in any police car other than a Sheriff's deputy.

100.   The report from the Baker Act receiving facility revealed that LITTLE B did not meet the criteria under the Baker Act and that LITTLE B was released.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 39 of 172*

101.   LITTLE B and his family have suffered greatly from the trauma of the Defendants' misuse of the Baker Act on him.

102.   LITTLE B'S involuntary examination has compounded and worsened his medical condition and caused significant mental anguish. This harm has created lasting impacts on LITTLE B.

103.   Because of LITTLE B had not yet reached the 5th grade, mechanical restrains were not allowed to be used on him by school personnel or school resource officers.

104.   During the 2021-2022 school year, DANIELS, personnel with CAMELOT, and the SCHOOL BOARD were aware that Plaintiff, LITTLE B had been diagnosed with autism spectrum disorder (ASD), Disruptive Mood Dysregulation Disorder, and Attention-Deficit/Hyperactivity Disorder, and/or otherwise suffering from a disability.

   ii.   <u>C.B.</u>

105.   C.B. was eight years old and in second grade when DANIELS seized him for involuntary examination, after C.B. became upset.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 40 of 172*

106.   C.B was eligible for ESE with exceptionalities of ASD, and also has a medical diagnosis of ADHD, of which the CAMELOT had been informed.

107.   SCHOOL BOARD AND CAMELOT knew of C.B.'s disabilities since, at least, the beginning of the 2021 school year, when he was enrolled in the HIGH ROADS school that year, instead of a traditional public school operated by SCHOOL BOARD.

108.   C.B lives with his parents, A.B. and D.B., his legal guardians.

109.   On November 10, 2021, C.B was upset in his classroom and was removed from the classroom by CAMELOT personnel.

110.   C.B was then taken to a room called the serenity room.  As he was in this room, school personnel and DANIELS kept antagonizing, taunting and/or pressuring him about the incident. C.B calmed down at first, but then got upset again, at which time CAMELOT school personnel again called School Resource Officer DANIELS, who immediately handcuffed C.B. C.B. complied with DANIELS, was handcuffed, and then placed into the back of a marked police car to be transported for Baker Act evaluation.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 41 of 172*

111.  DANIELS was employed by the JOHNSON and SHERIFF DEPARTMENT but stationed at C.B's school pursuant to a Security Agreement between the SHERIFF DEPARTMENT and SCHOOL DISTRICT, under which SCHOOL DISTRICT paid the SHERIFF DEPARTMENT to station officers at some of its schools.   See Exhibit A.

112.  Under that contract, DANIELS was required to abide by the SCHOOL BOARD policies and shall consult with and coordinate activities through the school principal.

113.  C.B. did not have access to a weapon and made no overt action to harm himself.

114.  DANIELS had no reason to believe C.B had a mental illness.

115.  DANIELS had no reason to believe that C.B. posed an imminent danger of serious bodily harm to himself or others.

116.  Nonetheless, because of his lack of training and because of the policies and practices of Defendants, DANIELS initiated Defendants' standard involuntary commitment process.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 42 of 172*

117.    While C.B was waiting to be transported, he was handcuffed and placed in the back of DANIELS' marked police car, as was the standard policy and practice.  C.B. then began to cry, hyperventilate and ask for his parents.

118.    A CAMELOT employee then contacted D.B. and told him that C.B. was being Baker Acted.  D.B. was upset at the situation.   A CAMELOT relayed this to DANIELS, and the employee made a comment to DANIELS that, "I don't give a damn."

119.     C.B. was transported to West Florida Hospital, but his parents were not asked for and did not provide their consent for C.B.'s involuntary examination.

120.    There is no documentation that any medical or mental health professional was consulted about the decision to use the Baker Act on C.B.

121.    In the incident report of DANIELS, he detailed the behavioral issues that day, however, there was no mention of C.B's ASD diagnosis or placement in an ASD classroom, or other options that could have been used to deescalate him.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 43 of 172*

122.   The incident report also did not state that C.B was handcuffed and placed in the back of DANIELS' marked police car for about twenty (20) minutes before he was moved to the "transport" marked police car and treated like an alleged criminal and was transported to a receiving facility about 15 minutes away.

123.   No school counselor, school employee, or adult accompanied C.B in the police car other than the sheriff's deputy.

124.   The report from the Baker Act receiving facility revealed that C.B did not meet the criteria under the Baker Act and released him.

125.   C.B and his family have suffered greatly from the trauma of the Defendants misuse of the Baker Act on him.

126.   C.B'S involuntary examination has compounded and worsened his medical condition, and caused significant mental anguish.  This harm has created lasting impacts on C.B.

127.   Because C.B had not yet reached 5th grade, mechanical restrains were not allowed to be used on him by school personnel or school resource officers.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 44 of 172*

128.   During the 2021-2022 school year, DANIELS, personnel with CAMELOT and the SCHOOL BOARD were aware that Plaintiff, C.B had been diagnosed with autism spectrum disorder (ASD), and Attention-Deficit/Hyperactivity Disorder, and/or otherwise suffering from a disability.

      iii.   <u>Other Children</u>

129.   SCHOOL DISTRICTS and JOHNSON'S treatment of LITTLE B and C.B. is sad but typical of their use of the Baker Act on other minors. Review of police reports written by JOHNSON'S police officers to justify their use of the Baker Act reveals that, even if their narratives are taken as factual and complete: many children whose involuntary examination under the Act was initiated by police did not in fact meet the statutory criteria; JOHNSON'S police officers routinely failed to seek input from a mental health professionals prior to involuntary commitment; and JOHNSON'S police officers routinely failed to attempt to identify less restrictive means to deescalate the child.

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 45 of 172*

130. In addition, while the Baker Act requires that handcuffs and other restraints only be used when necessary to protect the person subject to involuntary examination or others, Fla. Stat. § 394.459(1),  JOHNSON'S policy **requires** that the person being Baker Acted be handcuffed for their own safety. JOHNSON does not have a different policy for children.

131. A public records request to the SCHOOL DISTRICT for their Baker Act policy revealed that the SCHOOL DISTRICT does not have a specific policy concerning the use of handcuffs or Baker Acting students.  See Exhibit E.

132. For example:

   a) On November 12, 2021, a child that attended HIGH ROADS SCHOOL, who appeared about 5-7 years old, and weighted approximately 50-60 pounds, was placed in handcuffs by DANIELS and placed in the back of his police car. DANIELS refused to wait and allow the Mobile Response Team (MRT) to respond and assess the situation, even though they were trained to assist and access these situations.  Eventually, while waiting

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 46 of 172*

for a transport vehicle, the child's case worker arrived, and staff convinced DANIELS to allow the child to go with his case worker.

b)   On October 28, 2021, a 15-year-old was handcuffed after being upset when reprimanded for writing on her skin.  After she was handcuffed, she got out of her chair and laid on the floor as she was "trying to get into her safe place", which was under a chair. DANIELS grabbed her by the feet, pulled her across the floor and then got extremely aggressive with the 15-year-old, including lifting her hands up behind her back while handcuffed. The 15-year-old repeatedly asked for her father. DANIELS refused to wait and allow the Mobile Response Team (MRT) to respond and assess the situation, even though they were  trained to assist and access these situations.

c)   On November 30, 2021, a 14-year-old girl was Baker Acted after she had allegedly scratched her neck and leg because she

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 47 of 172*

believed that a tall man had told her to kill herself. Despite the statements in the incident report that the 14-year-old was extremely agitated, the 14-year-old was not extremely agitated, did not yell, and did not become violent. Moreover, DANIELS handcuffed the girl and placed her in the back of his police car until a transport vehicle arrived. DANIELS refused to wait and allow the Mobile Response Team (MRT) to respond and assess the situation, even though they were trained to assist and access these situations.

133. These incidents, and the many more like them in records, show the misuse of the Baker Act on LITTLE B and C.B. were not aberrations but instead consistent with its routine practice.

### E. SCHOOL DISTRICT'S Inadequate Policies, Procedures, and Trainings Resulted in its Excessive and Illegal Use of the Baker Act

134. In the fiscal year 2020/2021, there were 983 involuntary examinations under the Baker Act in Santa Rosa County. Approximately 35.71% or

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 48 of 172*

351 of those involuntarily examinations were for children under the age of 18, and 43.44% of those were initiated by Law Enforcement Officers. See Exhibit G, pg 114.

135.    Fiscal year 2019/2020 was similar, in that there were 949 involuntary examinations under the Baker Act in Santa Rosa County, with 30.14%, or 286 examinations, involving those under the age of 18, and 47.42% of those were initiated by Law Enforcement Officers. See Exhibit G, pg 114.

136.   A review of police reports from all Baker Acts initiated by SHERIFF'S DEPARTMENT produced via public record request show that:

a)      The MRT is not contacted in many of these instances;

b)      The parents are frequently not contacted until after the child has been transported for Baker Act evaluation; and

c)      There is usually no record that the CAMELOT, SCHOOL DISTRICT or JOHNSON, SHERIFF DEPARTMENT attempted to contact the child's medical/treatment provider.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 49 of 172*

137. As noted above, the SCHOOL DISTRICT does not have a detailed policy concerning handling Baker Act situations or handcuffing students and does not provide detailed guidance or training to teachers and administrators about alternatives.   Exhibit E.

138. For example, the policy does not identify the legal standard to Baker Act an individual and does not differentiate between "mental conditions" and "developmental disabilities."

139. Police officers employed or contracted by SCHOOL DISTRICT initiated involuntary examinations under the Baker Act of children independently or, more typically, after they were contacted by teachers or school administrators. Despite assigning police to determine when young children will undergo the traumatic experience of involuntary psychiatric examination, SCHOOL DISTRICT did not provide the SRO or contractors with accurate information or guidance about the legal standard for involuntary examination and inadequate training on

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 50 of 172*

applying that legal standard accurately and without discrimination against children with disabilities.

140. Also, the SCHOOL DISTRICT did not provide the SRO or contractors with accurate information or guidance concerning the importance of not traumatizing the children with handcuffing, and did not instruct the officers about the laws that forbid the use of handcuffs and restraints.

141. Further, the SCHOOL DISTRICT did not provide the SRO or contractors with any training concerning contacting the parents to assist in de-escalation, or to get their permission to transport the children or subject them to involuntary examination.

142. As a result of these policies, practices, and trainings (or lack thereof), the SCHOOL DISTRICTS' SROs and contractors did not and do not know the legal requirements for use of the Baker Act. Many of them believe that they are required to handcuff children during Baker Act transport and that they may do so in marked police cars. They also believe that they are not required to obtain parental consent before

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 51 of 172*

initiating an involuntary examination and that they can only transport the child to the closest facility.

143. Moreover, the mobile response teams were often left out of the Baker Act process: in many cases, the teams were never called.

144. Even when they were consulted, mobile response teams sometimes recommended use of involuntary examination in situations where less restrictive alternatives were available.

145. SCHOOL DISTRICT and CAMELOT has no policy or practice of conducting after-the-fact reviews of involuntary examinations initiated by SRO's or its contractors and staff.

**F. School Resource Officers**

146. As Sheriff for Santa Rosa County, Defendant JOHNSON provided deputy sheriffs to serve as School Resource Officers (SROs) during the 2021-2022 school year. The School Resource Officers (SROs) are law enforcement  officers employed by Defendants SHERIFF and SHERIFF'S DEPARTMENT and based in the schools. Defendant

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 52 of 172*

SHERIFF has the authority to hire, dismiss, assign, or reassign the SROs.

147. Defendants SHERIFF'S DEPARTMENT, JOHNSON, CAMELOT and SCHOOL BOARD failed to create and maintain proper and adequate policies, practices, procedures, or trainings modules regarding the use of physical force and physical restraints, handcuffs, and other types of physical force on elementary schoolchildren, including students with disabilities such as Plaintiffs, LITTLE B and C.B.

148. Defendants SHERIFF'S DEPARTMENT, JOHNSON, CAMELOT and SCHOOL BOARD failed to take reasonable steps to ensure compliance with the provisions of Fla. Stat. §1003.573, and other applicable provisions of law.

149. Defendants SHERIFF'S DEPARTMENT, JOHNSON, CAMELOT and SCHOOL BOARD failed to create and maintain policies, practices, procedures, or trainings regarding the improper mechanical restraint

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 53 of 172*

(including handcuffing) and seclusion of minor children with disabilities.

150. SHERIFF'S DEPARTMENT, JOHNSON, CAMELOT and SCHOOL BOARD failed to create and maintain adequate and proper policies, practices, procedures, or trainings regarding the seclusion of elementary school children and the use of physical force and restraints, handcuffs and other types of force on elementary schoolchildren, including students with disabilities such as Plaintiff's.

### G. SHERIFF'S DEPARTMENT, JOHNSON, CAMELOT and SCHOOL BOARD Have Knowingly Failed to Take Action to Prevent Illegal and Inappropriate Use of the Baker Act Against Children

151. The incidents of Baker Acts significantly increased once DANIELS began working as a school resource officer. For example, from 12.14.2020 to 9.15.2021 (10 months), only 5 students were Baker Acted at Camelot School. However, DANIELS Baker Acted 7 children from 9.24.2021 to 12.8.2021 (2.5 months).

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 54 of 172*

152.   JOHNSON, SHERIFF'S DEPARTMENT, CAMELOT, the SCHOOL BOARD, and DANIELS knew or should have known that the use of the Baker Act on minors in Santa Rosa County has significantly increased over the last ten (10) years.

153.   BOB JOHNSON, SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, CAMELOT, the SCHOOL DISTRICT, and DANIELS knew or should have known that LITTLE B had a developmental disability.

154.   BOB JOHNSON, SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, CAMELOT, the SCHOOL DISTRICT, and DANIELS knew or should have known that the C.B. had a developmental disability.

155.   JOHNSON, SHERIFF'S DEPARTMENT, CAMELOT, the SCHOOL BOARD, and DANIELS knew or should have known that LITTLE B's developmental disability was not a condition for which LITTLE B could be Baker Acted.

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 55 of 172*

156.   JOHNSON, SHERIFF'S DEPARTMENT, CAMELOT, the SCHOOL

BOARD, and DANIELS knew or should have known that C.B.'s

developmental disability was not a condition for which he could be

Baker Acted.

157.   JOHNSON, SHERIFF'S DEPARTMENT, CAMELOT, the SCHOOL

BOARD, and DANIELS knew or should have known that LITTLE B

had a right to legal counsel before he could be subject to involuntary

commitment.

158.   JOHNSON, SHERIFF'S DEPARTMENT, CAMELOT, the SCHOOL

BOARD and DANIELS knew or should have known that the C.B. had

a right to legal counsel before he could be subject to involuntary

commitment.

159.   JOHNSON, SHERIFF'S DEPARTMENT, CAMELOT, the SCHOOL

BOARD and DANIELS knew or should have known that the Baker Act

provides that the use of handcuffs and other restraints are

contraindicated in Baker Act cases.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 56 of 172*

160.   JOHNSON, SHERIFF'S DEPARTMENT, CAMELOT, the SCHOOL BOARD, and DANIELS knew or should have known that JOHNSON had a policy that individuals being Baker Acted by law enforcement should be handcuffed, which is contrary to thew Constitution,  Florida Statutes and the American with Disabilities Act.

161.   JOHNSON'S policy concerning Baker Act is to violate the rights of minors, including LITTLE B and C.B. as it does not address the Baker Act's requirement that handcuffs, other restraints, and marked police cars should only be used when necessary for safety purposes.

162.   JOHNSON's and the SHERIFF'S DEPARTMENT'S policy to handcuff minors being Baker Acted, even when there is no need for any application of force, violates the Constitution and Florida Statutes.  See Exhibit D.

163.   JOHNSON, SHERIFF'S DEPARTMENT, and DANIELS have a history of Baker Acting persons with developmental disabilities contrary to the requirements of the Baker Act.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 57 of 172*

164. JOHNSON, SHERIFF'S DEPARTMENT, and DANIELS have a history of involuntarily committing persons with developmental disabilities without allowing them to have legal counsel.

165. JOHNSON and the SHERIFF'S DEPARTMENT have a history of involuntarily committing persons with developmental disabilities regardless of any individualized determination and contrary to the stark Baker Act data.

166. JOHNSON and the SHERIFF'S DEPARTMENT have a history of failing to develop policies and practices to ensure legal and appropriate use of the Baker Act.

167. This history shows that JOHNSON the SHERIFF'S DEPARTMENT, SCHOOL DISTRICT and CAMELOT cannot and will not remedy its Baker Act issues without Court oversight. Instead, their abuse of the Baker Act use will only end with comprehensive injunctive relief.

## CAUSES OF ACTION

## COUNT I

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 58 of 172*

**LITTLE B's Claim for Violation of Due Process Rights to Be Free From Unreasonable Search and Seizures and Excessive Force under the Fourth and Fourteenth Amendments of the United States Constitution.  42 U.S.C. Section 1983**

**(Against DANIELS in his Individual Capacity)**

168.    Plaintiff, LITTLE B, re-alleges and incorporates paragraphs one (1) through seventy-five (75), and paragraphs seventy-nine (79) though one hundred sixty-seven (167),,  above as if fully set forth herein.

169.   The legality of a seizure by a school official depends on the reasonableness, under all the circumstances, of the seizure. The reasonableness of the seizure is determined using a two-step inquiry: "first, one must consider 'whether the . . . action was justified at its inception.' " *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985) (internal citations omitted).

170.   "[S]econd, one must determine whether the [seizure] as actually conducted 'was reasonably related in scope to the circumstances which justified interference in the first place.'" Id. The measures employed during the seizure must be "reasonably related to the objectives of the [seizure] and not

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 59 of 172*

excessively intrusive in light of the age and sex of the student and the nature of the infraction." *Id*. at 342.

171.   The U.S. Constitution protects LITTLE B against unreasonable seizures and excessive force. "[T]he reasonableness of a particular seizure depends not only on when it is made, but also on *how* it is carried out. "*Graham v. Connor*, 490 U.S. 386395). Whether a seizure is unreasonable and unconstitutional depends upon the totality of the circumstances.

172.   The actions of Defendant, DANIELS, as referenced herein, at all times was under the color of law.

173.   The seizure of LITTLE B, by **DANIELS in his Individual Capacity**, was unreasonable and excessive in light of the totality of the circumstances including but not limited to:

   a)   The age, size, and disabilities of the LITTLE B, including his limited ability to impose physical harms on others and his limited ability to form criminal intent;

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

b)   The length of time LITTLE B was experiencing behavior problems associated with his developmental disabilities while at elementary school;

c)   That DANIELS physically restrained LITTLE B and placed him in handcuffs in such a fashion as to cause physical and psychological injury to the minor;

d)   That LITTLE B's actions were not the result of a "mental condition" but was related to a "developmental disability";

e)   That DANIELS physically restrained LITTLE B and placed him in handcuffs in such a fashion which was forbidden by Florida Statutes;

f)   That the physical force in restraining LITTLE B was excessive and violated the U.S. Constitution and Florida Statutes;

g)   The length of time of the physical restraints and handcuffing; and

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 61 of 172*

h)     The traumas imposed by the excessive physical restraints and handcuffing.

174.   By engaging in the acts described herein, Defendant DANIELS, in his individual capacity, acting under the color of law, and with deliberate indifference, violated the Plaintiffs' rights under the U.S. Constitution, to be free from unreasonable seizures and excessive force.

175.   The rights of LITTLE B to be free from unreasonable seizures and excessive force as described here was clearly established in law at the time of the incident alleged.

176.   Defendant DANIELS acted maliciously, intentionally, and in reckless disregard to the rights of LITTLE B.

177.   As a proximate result of the actions and inactions of Defendant DANIELS, LITTLE B suffered and continues to suffer physical pain, emotional pain, psychological injury, trauma, and suffering. Plaintiff continues to experience fear, distrust, and anxiety regarding law enforcement officers (such as Daniels). Deputy Sheriffs and school personnel.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 62 of 172*

178.  LITTLE B is entitled to compensatory and punitive damages, reasonable attorneys' fees and cost.

179.  Due to Defendants' ongoing violations of the Fourth Amendment, injunctive and declaratory relief are appropriate remedies.

WHEREFORE, Plaintiff, LITTLE B, a minor child, by and through his parents and next of friends, M.F. and C.F., request that this Court enter judgment in their favor, and against **DANIELS in his Individual Capacity**, and grant the following relief:

a.    Adjudge and declare that Defendant's, **DANIELS in his Individual Capacity,** actions, policies, practices, and interactions as described herein violate the U.S. Constitution and the Florida law;

b.    Issue an Order enjoining, **DANIELS in his Individual Capacity,** from engaging in the unlawful conduct complained of herein;

c.    Award actual and compensatory damages and punitive damages for harms suffered due to Defendant's actions as alleged herein;

d.    Award Plaintiff's Counsel reasonable attorney's fees and cost;

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 63 of 172*

e.      Award such other relief as the Court deems proper and just.

## COUNT II

**C.B's Claim for Violation of Due Process Rights to Be Free From Unreasonable Search and Seizures and Excessive Force under the Fourth and Fourteenth Amendments of the United States Constitution.  42 U.S.C. Section 1983**

**(Against DANIELS in his Individual Capacity)**

180.   Plaintiff, C.B., re-alleges and incorporates one (1) through one hundred thirty-three (133), and  one hundred forty-six (146) to one hundred sixty-seven (167), above as if fully set forth herein.

181.   The legality of a seizure by a school official depends on the reasonableness, under all the circumstances, of the seizure. The reasonableness of the seizure is determined using a two-step inquiry: "first, one must consider 'whether the . . . action was justified at its inception.' " *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985) (internal citations omitted).

182.   "[S]econd, one must determine whether the [seizure] as actually conducted 'was  reasonably  related  in  scope  to  the  circumstances  which  justified

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 64 of 172*

interference in the first place.'" Id. The measures employed during the seizure must be "reasonably related to the objectives of the [seizure] and not excessively intrusive in light of the age and sex of the student and the nature of the infraction." *Id*. at 342.

183. The U.S. Constitution protects C.B. against unreasonable seizures and excessive force. "[T]he reasonableness of a particular seizure depends not only on when it is made, but also on *how* it is carried out. "*Graham v. Connor*, 490 U.S. 386395). Whether a seizure is unreasonable and unconstitutional depends upon the totality of the circumstances.

184. The actions of Defendant, DANIELS, as referenced herein, at all times was under the color of law.

185. The seizure of C.B., by **DANIELS in his Individual Capacity**, was unreasonable and excessive in light of the totality of the circumstances including but not limited to:

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 65 of 172*

a)     The age, size, and disabilities of the C.B., including his limited ability to impose physical harms on others and his limited ability to form criminal intent;

b)     The length of time C.B. was experiencing behavior problems associated with his developmental disabilities while at elementary school;

c)     That DANIELS physically restrained C.B. and placed him in handcuffs in such a fashion as to cause physical and psychological injury to the minor;

d)     That C.B.'s actions were not the result of a "mental condition" but was related to a "developmental disability";

e)     That DANIELS physically restrained C.B. and placed him in handcuffs in such a fashion which was forbidden by Florida Statutes;

f)     That the physical force in restraining C.B. was excessive and violated the U.S. Constitution and Florida Statutes;

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

g)    The length of time of the physical restraints and handcuffing; and

h)    The traumas imposed by excessive physical restraints and handcuffing.

186.    By engaging in the acts described herein, Defendant DANIELS, in his individual capacity, acting under the color of law, and with deliberate indifference, violated the Plaintiffs' rights under the U.S. Constitution, to be free from unreasonable seizures and excessive force.

187.    The rights of C.B. to be free from unreasonable seizures and excessive force as described herein was clearly established in law at the time of the incident alleged.

188.    Defendant DANIELS acted maliciously, intentionally, and in reckless disregard to the rights of C.B.

189.    As a proximate result of the actions and inactions of Defendant DANIELS, C.B. suffered and continues to suffer physical pain, emotional pain, psychological injury, trauma, and suffering. Plaintiff continues to experience

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 67 of 172*

fear, distrust, and anxiety regarding law enforcement officers (such as Daniels). Deputy Sheriffs and school personnel.

190. C.B. is entitled to compensatory damages, punitive damages, reasonable attorneys' fees and cost.

191. Due to Defendants' ongoing violations of the constitution and Florida law, Fourth Amendment, injunctive and declaratory relief are appropriate remedies.

WHEREFORE, Plaintiff, C.B., a minor child, by and through his parents and next of friends, A.B. and D.B., request that this Court enter judgment in their favor, and against **DANIELS in his Individual Capacity**, and grant the following relief:

a.   Adjudge and declare that Defendant', **DANIELS, in his Individual Capacity,** actions, policies, practices, and interactions as described herein violate the U.S. Constitution and the American with Disabilities Act;

b.   Issue an Order enjoining, **DANIELS in his Individual Capacity,** from engaging in the unlawful conduct complained of herein;

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 68 of 172*

c.    Award actual and compensatory and punitive damages damages for harms suffered due to Defendant's actions as alleged herein;

d.    Award Plaintiff's Counsel reasonable attorney's fees and cost;

e.    Award such other relief as the Court deems proper and just.

## COUNT III

**LITTLE B's Claim for Violation of Due Process Rights to Be Free From Unreasonable Search and Seizures and Excessive Force under the Fourth and Fourteenth Amendments of the United States Constitution. 42 U.S.C. Section 1983**

**(Against JOHNSON in his Official Capacity)**

192.    Plaintiff, LITTLE B, re-alleges and incorporates one (1) through one hundred thirty-three (133), and one hundred forty-six (146) to one hundred sixty-seven (167), above as if fully set forth herein.

193.    The Fourth and Fourteenth Amendment prohibit the use of illegal and unreasonable seizures and excessive force by police officers in conducting arrests and other seizures.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 69 of 172*

194.  JOHNSON has a pattern, practice and policy requiring the handcuffing of persons who are being Baker Acted by law enforcement officers.

195.  DANIELS employed handcuffs and subsequently handcuffed LITTLE B in the back when he improperly Baker Acted him.

196.  Because JOHNSON's policy mandates handcuffing, even when there is no need for any application of force, it violates the Fourth and Fourteenth Amendment and Federal law.

197.  Because JOHNSON's policy mandates handcuffing even when there is no need for any application of force, it violates Florida law and is directly contrary to the Fourth and Fourteenth Amendment.

198.  Because JOHNSON's policy mandates handcuffing even when it is forbidden by Fla. Stat. § 1003.573, it is directly contrary to the Fourth and Fourteenth Amendment.

199.  JOHNSON AND DANIELS knew or should have known that LITTLE B was suffering from a developmental disability.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 70 of 172*

200. JOHNSON AND DANIELS knew or should have known that developmental disabilities are not covered by the Baker Act.

201. JOHNSON AND DANIELS knew or should have known that it violated Florida law to handcuff children like LITTLE B when Baker Acting them.

202. JOHNSON AND DANIELS knew or should have known that handcuffing children can severely impact the children and that children with special needs, like LITTLE B, can and are more severely impacted by being handcuffed, improperly Baker Acted, or have excessive force applied against them.

203. LITTLE B was not provided a level of care that was required by the Fourth and Fourteenth Amendments to the U.S. Constitution and Florida law.

204. JOHNSON failed to implement express policies or procedures for handcuffing minor children when they are being Baker Acted, and the policy in place was to violate the rights of LITTLE B and others.

205. JOHNSON knew of Fla. Stat. § 1003.573, and knew that the children should not be handcuffed when being Baker Acted, but allowed and permitted his

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 71 of 172*

officers to continue to use force and handcuff children that are being Baker Acted.

206. On information and belief, there are exponentially more incidents of children, like Little B, improperly being Baker Acted, being handcuffed and having excessive force used against them under these circumstances.

207. Despite his knowledge of the impacts of handcuffing minors such as LITTLE B, and despite the knowledge that these actions violate the U.S. Constitution and Florida law, JOHNSON had an express policy and/or an unwritten policy requiring that all persons who are Baker Acted are to be handcuffed, which constitutes the customs, practices, and procedures of JOHNSON, that are provided to his officers such as DANIELS.

208. Additionally, JOHNSON failed to train or adequately train his officers, especially school resource officers like DANIELS, on the requirements of the Baker Act, the difference between a "mental disability" and a "developmental disability", and the circumstances when an individual can be Baker Acted.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 72 of 172*

209.   JOHNSON failed to assure that his school resource officers, like DANIELS,

met the requirements of Florida law to be assigned as a school resource

officer, failed to assure that his school resource officers, like DANIELS, met

the requirements of the Contract with SCHOOL BOARD, including requiring

them to take the school resource officer training or specialized training for

dealing with children with developmental disabilities like LITTLE B.  This

failure to train or adequately train constitutes the customs, practices, and

procedures of JOHNSON, that are provided to his officers such as DANIELS.

210.   Further, JOHNSON failed to monitor the actions of his officers, such as

DANIELS, to assess and monitor the quality of their work and to assure that

their actions, when Baker Acting a handclapped child, were proper for the

circumstances and proper under Florida and Federal law.

211.   Because of the high risk of injury, psychologically and physically, to a minor

child for the improper Baker Acting or handcuffing them, and in light of the

rights of persons being Baker Acted under Federal law and Florida law, the

need for more and/or different training was obvious, and the inadequacy in

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 73 of 172*

training so likely to result in a violation of the person Constitutional Rights, that JOHNSON's decision and conduct, with respect to training, monitoring and handcuffing minor children under these circumstances, constituted deliberate indifference.

212. DANIELS, as a law enforcement officer for JOHNSON, and under his control and supervision, violated LITTLE B's Fourth and Fourteenth Amendment rights by improperly Baker Acting him when he was not suffering from a "mental condition" and was not a risk of serious bodily harm as required by law.

213. DANIELS, as a law enforcement officer for JOHNSON, and under his control and supervision, violated LITTLE B's Fourth and Fourteenth Amendment rights by arresting and handcuffing LITTLE B, which was an excessive use of force, especially given the age, weight, emotion condition and medical condition.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 74 of 172*

214. The unnecessary and excessive handcuffing of LITTLE B, a vulnerable child, is traumatic, humiliating, and has caused and continues to cause long-lasting harm to children subjected to it.

215. Due to Defendant DANIELS and JOHNSON'S, violations Fourth and Fourteenth Amendment, injunctive relief and declaratory relief are appropriate remedies.

216. LITTLE B is entitled to actual, compensatory and punitive damages, reasonable attorneys' fees and cost.

WHEREFORE, Plaintiff, LITTLE B, a minor child, by and through his parents and next of friends, M.F. and C.F., request that this Court enter judgment in their favor, and against JOHNSON, **in his Official Capacity,** and grant the following relief:

    a.    Adjudge and declare that Defendant's, JOHNSON, **in his Official Capacity**, actions, policies, practices, and interactions as described herein violate the U.S. Constitution:

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 75 of 172*

b.   Issue an Order enjoining JOHNSON, **in his Official Capacity** from engaging in the unlawful conduct complained of herein;

c.   Award actual, compensatory and punitive damages for harms suffered due to Defendant's actions as alleged herein;

d.   Award Plaintiffs' Counsel reasonable attorney's fees and cost;

e.   Award such other relief as the Court deems proper and just.

## COUNT IV

**C.B.'s Claim for Violation of Due Process Rights to Be Free From Unreasonable Search and Seizures and Excessive Force under the Fourth and Fourteenth Amendments of the United States Constitution.  42 U.S.C. Section 1983**

**(Against JOHNSON in his Official Capacity)**

217.   Plaintiff, C.B, re-alleges and incorporates paragraphs one (1) through one hundred thirty-three (133), and  one hundred forty-six (146) to one hundred sixty-seven (167), above as if fully set forth herein.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 76 of 172*

218.   The Fourth and Fourteenth Amendment prohibit the use of illegal and unreasonable seizures and excessive force by police officers in conducting arrests and other seizures.

219.   JOHNSON has a pattern, practice and policy requiring the handcuffing of persons who are being Baker Acted by law enforcement officers.

220.   DANIELS employed handcuffs and subsequently handcuffed C.B. in the back when he improperly Baker Acted him.

221.   Because JOHNSON's policy mandates handcuffing, even when there is no need for any application of force, it violates the Fourth and Fourteenth Amendment and Federal law.

222.   Because JOHNSON's policy mandates handcuffing even when there is no need for any application of force, it violates Florida law and is directly contrary to the Fourth and Fourteenth Amendment.

223.   Because JOHNSON's policy mandates handcuffing even when it is forbidden by Fla. Stat. § 1003.573, it is directly contrary to the Fourth and Fourteenth Amendment.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 77 of 172*

224.  JOHNSON AND DANIELS knew or should have known that C.B. was suffering from a developmental disability.

225.  JOHNSON AND DANIELS knew or should have known that developmental disabilities are not covered by the Baker Act.

226.  JOHNSON AND DANIELS knew or should have known that it violated Florida law to handcuff children like C.B.  when Baker Acting them.

227.  JOHNSON AND DANIELS knew or should have known that handcuffing children can severely impact the children and that children with special needs, like C.B., can and are more severely impacted by being handcuffed, improperly Baker Acted, or have excessive force applied against them.

228.  C.B. was not provided a level of care that was required by the Fourth and Fourteenth Amendments to the U.S. Constitution and Florida law.

229.  JOHNSON failed to implement express policies or procedures for handcuffing minor children when they are being Baker Acted, and the policy in place was to violate the rights of C.B. and others

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 78 of 172*

230.   JOHNSON knew of Fla. Stat. § 1003.573 and knew that the children should not be handcuffed when being Baker Acted, but allowed and permitted his officers to continue to use force and handcuff children that are being Baker Acted.

231.   On information and belief, there are exponentially more incidents of children, like C.B., improperly being Baker Acted, being handcuffed and having excessive force used against them under these circumstances.

232.   Despite his knowledge of the impacts of handcuffing minors such as C.B., and despite the knowledge that these actions violate the U.S. Constitution and Florida law, JOHNSON had an express policy and/or an unwritten policy requiring that all persons who are Baker Acted are to be handcuffed, which constitutes the customs, practices, and procedures of JOHNSON, that are provided to his officers such as DANIELS.

233.   Additionally, JOHNSON failed to train or adequately train his officers, especially school resource officers like DANIELS, on the requirements of the

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 79 of 172*

Baker Act, the difference between a "mental disability" and a "developmental disability", and the circumstances when an individual can be Baker Acted.

234.  JOHNSON failed to assure that his school resource officers, like DANIELS, met the requirements of Florida law to be assigned as a school resource officer, failed to assure that his school resource officers, like DANIELS, met the requirements of the Contract with SCHOOL BOARD, including requiring them to take the school resource officer training or specialized training for dealing with children with developmental disabilities like C.B.  This failure to train or adequately train constitutes the customs, practices, and procedures of JOHNSON, that are provided to his officers such as DANIELS.

235.  Further, JOHNSON failed to monitor the actions of his officers, such as DANIELS, to assess and monitor the quality of their work and to assure that their actions, when Baker Acting a handclapped child, were proper for the circumstances and proper under Florida and Federal law.

236.  Because of the high risk of injury, psychologically and physically, to a minor child for the improper Baker Acting or handcuffing them, and in light of the

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 80 of 172*

rights of persons being Baker Acted under Federal law and Florida law, the need for more and/or different training was obvious, and the inadequacy in training so likely to result in a violation of the person Constitutional Rights, that JOHNSON's decision and conduct, with respect to training, monitoring and handcuffing minor children under these circumstances, constituted deliberate indifference.

237.   DANIELS, as a law enforcement officer for JOHNSON, and under his control and supervision, violated C.B.'s Fourth and Fourteenth Amendment rights by improperly Baker Acting him when he was not suffering from a "mental condition" and was not a risk of serious bodily harm as required by law.

238.   DANIELS, as a law enforcement officer for JOHNSON, and under his control and supervision, violated C.B.'s Fourth and Fourteenth Amendment rights by arresting and handcuffing C.B., which was an excessive use of force, especially given the age, weight, emotion condition and medical condition.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 81 of 172*

239. The unnecessary and excessive handcuffing of C.B., a vulnerable child, is traumatic, humiliating, and has caused and continues to cause long-lasting harm to children subjected to it.

240. Due to Defendant DANIELS and JOHNSON'S, violations Fourth and Fourteenth Amendment, injunctive relief and declaratory relief are appropriate remedies.

241. C.B. is entitled to actual, compensatory and punitive damages, reasonable attorneys' fees and cost.

WHEREFORE, Plaintiff, C.B., a minor child, by and through his parents and next of friends, A.B. and D.B., request that this Court enter judgment in their favor, and against JOHNSON**, in his Official Capacity,** and grant the following relief:

a. Adjudge and declare that Defendant's, JOHNSON**, in his Official Capacity**, actions, policies, practices, and interactions as described herein violate the U.S. Constitution:

b. Issue an Order enjoining JOHNSON**, in his Official Capacity** from engaging in the unlawful conduct complained of herein;

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 82 of 172*

c.     Award actual, compensatory and punitive damages for harms suffered due to Defendant's actions as alleged herein;

d.     Award Plaintiffs' Counsel reasonable attorney's fees and cost;

e.     Award such other relief as the Court deems proper and just.

## COUNT V
## § 1983 Procedural Due Process Claim for Deprivation of Parental Right to Custody and Control
### (By M.F. and C.F. Against JOHNSON)

242.   Plaintiff, M.F. and C.F., reallege and incorporate one (1) through one hundred thirty-three (133), and  one hundred forty-six (146) to one hundred sixty-seven (167), above as if fully set forth herein.

243.   Parents have a fundamental right to the care, custody, and control of their children.

244.   Parents cannot be deprived of this fundamental right without constitutionally sufficient due process under the Fourteenth Amendment.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 83 of 172*

245.   Plaintiff M.F. and C.F. brings this claim against Defendant, JOHNSON, in his Official Capacity because JOHNSON's employees and contracted school resource officer took LITTLE B into their custody and transported him to a receiving facility, where they were initially denied contact with his parents, without notifying or seeking consent form his parents.

246.   No actual or perceived emergency existed that would justify Defendants depriving LITTLE B's parents of their fundamental rights without due process protections.

247.   The failure to provide any type of notice or consent requirement prior to removing LITTLE B from his parents' custody and control is constitutionally insufficient and violates M.F.'s and C.F.'s due process rights.

248.   These violations of M.F.'s and C.F.'s rights by School Resource Officers or police officers working in Santa Rosa County schools were the result of longstanding policies adopted by, ratified by, acquiesced

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

to and endorsed by Defendant, JOHNSON, and his predecessors. JOHNSON'S Baker Act policies still provide that parents need not even be asked for their opinion, let alone consent, about whether their children should be sent for involuntarily examination.

249. These violations were also the result of those Defendants' failure to supervise and train School Resource Officer, employees, and contractors to seek parental consent before initiating a Baker Act examination. Despite being aware that hundreds of children were being Baker Acted and that many of those Baker Acts could be prevented by contacting children's parents, Defendants failed to train their officers to do so.

250. These violations interfered with M.F.'s and C.F.'s relationship with LITTLE B when he needed them most. This caused M.F. and C.F.  and LITTLE B great distress. Without adequate relief Plaintiffs are at significant risk of suffering similar harms in the future.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600  FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 85 of 172*

251.   Due to Defendants' ongoing violations of the Fourteenth Amendment and the U.S. Constitution, injunctive and declaratory relief is an appropriate remedy.

252.   Plaintiffs, M.F. and C.F., are entitled to compensatory damages, injunctive relief, declaratory relief and attorneys' fees and costs.

WHEREFORE, Plaintiffs, M.F. and C.F., request that this Court enter judgment in their favor, and against Defendant, JOHNSON, in his Official Capacity, and grant the following relief:

a.   Adjudge and declare that Defendant, JOHNSON, in his Official Capacity, actions, policies, practices, and interactions as described herein violate the U.S. Constitution;

b.   Issue an Order enjoining Defendant from engaging in the unlawful conduct complained of herein;

c.   Award actual and compensatory damages for harms suffered due to Defendant's actions as alleged herein;

d.   Award Plaintiff's Counsel reasonable attorneys fees and cost;

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 86 of 172*

e.      Award such other relief as the Court deems proper and just.

## COUNT VI
## § 1983 Procedural Due Process Claims for Control Over Medical Decision-Making Under the Fourteenth Amendment
### (By M.F. and C.F. Against JOHNSON)

253.   Plaintiffs, M.F. and C.F., re-allege and incorporate one (1) through one hundred thirty-three (133), and  one hundred forty-six (146) to one hundred sixty-seven (167), above as if fully set forth herein.

254.   Parents have a fundamental right to the care, custody, and control of the medical decisions of their children.

255.   Parents cannot be deprived of this fundamental right without constitutionally sufficient due process under the Fourteenth Amendment.

256.   Plaintiffs, M.F. and C.F.,   bring this claim against Defendant, JOHNSON, in his Official Capacity, because JOHNSON's employees and contractors initiated involuntary examinations of LITTLE B under the Baker Act without notifying or seeking consent from his parents, and/or over the parents objections.

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 87 of 172*

257.  No actual or perceived emergency existed that would justify Defendants depriving LITTLE B's parents of their fundamental rights without any due process protections.

258.  The failure to provide any type of notice or consent requirement prior to employing the Baker Act on a child in this situation is unconstitutional and violates M.F. and C.F.'s procedural due process rights.

259.  These violations of M.F. and C.F.'s rights by police officers working in Santa Rosa County schools were the result of longstanding SHERIFF DEPARTMENT and JOHNSON's policies adopted by, ratified by, acquiesced to and endorsed by Defendant, JOHNSON and his predecessors.  JOHNSON'S policies still provide that parents need not even be asked for their opinion, let alone consent, about whether their children should be sent for involuntarily examination.

260.  These violations were also the result of those Defendants' failure to supervise and train Santa Rosa County Sheriff's Office employees and

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 88 of 172*

contractors to seek parental consent before initiating a Baker Act examination. Despite being aware that hundreds of children were being seized for involuntary examination under the Baker Act and that many of those Baker Acts could be prevented by contacting children's parents, Defendants failed to train their officers to do so.

261. These violations interfered with LITTLE B's parents' ability to make the best medical decisions for their child, harming the interests of both parents and child in ensuring that children's medical needs are met adequately. Without adequate relief M.F. and C.F. are at significant risk of suffering similar harms in the future.

262. Due to Defendant's ongoing violations of the Fourteenth Amendment, injunctive and declaratory relief are appropriate remedies.

263. Plaintiffs, M.F. and C.F., are entitled to compensatory damages, injunctive relief, declaratory relief and attorneys' fees and costs.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 89 of 172*

WHEREFORE, Plaintiffs, M.F. and C.F., request that this Court enter judgment in their favor, and against JOHNSON, in his Official Capacity, and grant the following relief:

a.      Adjudge and declare that Defendants, JOHNSON, in his Official Capacity,  actions, policies, practices, and interactions as described herein violate the U.S. Constitution;

b.      Issue an Order enjoining JOHNSON, from engaging in the unlawful conduct complained of herein;

c.      Award actual and compensatory damages for harms suffered due to Defendants' actions as alleged herein;

d.      Award Plaintiffs' Counsel reasonable attorneys fees and cost;

e.      Award such other relief as the Court deems proper and just.

## COUNT VII
## LITTLE B's -Disability-Based Discrimination In Violation of Title II of the Americans with Disabilities Act,
## 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(3), (8)
## (Against SANTA ROSA COUNTY SHERIFF'S DEPT)

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 90 of 172*

264.   Plaintiff, LITTLE B, re-alleges and incorporates one (1) through one hundred thirty-three (133), and  one hundred forty-six (146) to one hundred sixty-seven (167), above as if fully set forth herein.

265.   The regulations implementing Title II of the ADA require that public entities avoid unnecessary policies, procedures, practices, criteria, or methods of administration that have the effect or tendency of excluding or discriminating against persons with disabilities. 28 C.F.R. § 35.130(b)(3), (8).

266.   Students with disabilities, and particularly students with disabilities involving behavioral challenges, including LITTLE B, are particularly susceptible to being injured by the unnecessary use of physical restraints, including handcuffs, on the basis of disability. The affects on the students with disabilities include substantial and disproportionate physical and emotional injuries and disruptive exclusions from the school community.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 91 of 172*

267.   Instead of the unnecessary use of excessive force and physical restraints, including handcuffs, students with disabilities require reasonable modifications such as crisis intervention, de-escalation, patience, and waiting.

268.   Defendant, SHERIFF'S DEPARTMENT, is a public entity subject to Title II of the ADA.

269.   LITTLE B is a qualified individual with disabilities within the meaning of Title II of the ADA and meets the essential eligibility requirements for the receipt of services, programs, or activities of Defendants. *Id.* § 12131(2).

270.   Under the ADA, law enforcement officers, including school resource officers like Defendant DANIELS, must provide reasonable modifications as needed during the interactions with individuals with disabilities.

271.   Through its policies and practice of imposing unnecessary and excessive physical force and the use of physical restraints, including

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 92 of 172*

handcuffs, on school children with disabilities, including LITTLE B, Defendant, SHERIFF'S DEPARTMENT, has violated and continues to violate the ADA.   See Exhibit D

272. Based on all the circumstances stated herein, Defendant SHERIFF'S DEPARTMENT knew or should have known that the plaintiff is a person with a disability who requires a reasonable accommodation under the ADA due to his disability related difficulties.

273. Instead of providing a modification such as crisis intervention, patience, and waiting, Defendant escalated the encounters with plaintiff and subjected him to unnecessary physical restraint including handcuffing. In doing so, DANIELS acted with deliberate indifference.

274. Further, and with deliberate indifference, Defendant, Sheriff's Department failed to implement the nondiscrimination and regional modification requirements of the ADA through its policies, practices, procedures, and trainings, and instead authorized school resource

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 93 of 172*

officers such as defendant Daniels to engage in disability discrimination against plaintiff.

275. As a proximate result of the actions and interactions of the Defendant, SHERIFF'S DEPARTMENT, and its agents, LITTLE B suffered and continues to suffer physical pain, emotional pain, psychological injury, trauma, and suffering. Plaintiff continues to experience fear, distrust, and anxiety regarding law enforcement officers such as Daniels.

276. Through the acts and omissions set forth herein, Defendant, SHERIFF'S DEPARTMENT also violated Title II of the ADA and discriminated against LITTLE B by reason of his disability by:

a) Denying LITTLE B an opportunity to participate in and benefit from education services equal to that afforded to other students;

b) Putting LITTLE B at risk of denial of the opportunity to receive educational programs and services in the most integrated setting appropriate to their needs;

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 94 of 172*

c) Failing to reasonably modify policies and procedures as needed to avoid discrimination against Plaintiff;

d) Using methods of administration that have the effect of defeating or substantially impairing the accomplishment of the objectives of the Defendants' programs with respect to the Plaintiffs; and

e) Excluding or otherwise denying equal services, programs, or activities to LITTLE B because of his disabilities.

277. LITTLE B did not and does not pose a significant risk to the health or safety of others, or any risk posed could have been or can be eliminated by the provision of reasonable modification and/or non-discriminatory services.

278. Thus, Defendant, SHERIFF'S DEPARTMENT has deprived LITTLE B and have placed him at significant risk of further deprivation of participation in or the benefits of services, programs, or activities by a public entity.

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 95 of 172*

279.   Defendant, SHERIFF'S DEPARTMENT, has demonstrated deliberate indifference, as it was aware of substantially likely harm to LITTLE B's federally protected rights under Title II of the ADA and failed to act upon that likelihood.

280.   Alternatively, Defendant, SHERIFF'S DEPARTMENT, acted with the intent or reckless disregard to discriminate against LITTLE B

281.   As a result of Defendant, SHERIFF'S DEPARTMENT's actions, LITTLE B has suffered and is at significant risk of suffering irreparable harm, including substantial loss of educational opportunities, and there is no adequate remedy at law.

282.   Due to Defendant, SHERIFF'S DEPARTMENT's ongoing violations of Title II of the ADA, injunctive relief, declaratory relief, and compensatory and punitive damages are appropriate remedies.

283.   Additionally, Plaintiff is entitled to recover attorney's fees and costs.

WHEREFORE, Plaintiff, LITTLE B, a minor child, by and through his parents and next of friends, M.F. and C.F., request that this Court enter judgment in

*Amended Complaint – Figueroa., et al v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 96 of 172*

their favor, and against SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, and grant the following relief:

a.   Adjudge and declare that Defendant's, SANTA ROSA COUNTY SHERIFF'S DEPARTMENT actions, policies, practices, and interactions as described herein violate the American With Disabilities Act;

b.   Issue an Order enjoining SANTA ROSA COUNTY SHERIFF'S DEPARTMENT from engaging in the unlawful conduct complained of herein;

c.   Award actual and compensatory damages for harms suffered due to Defendant's actions as alleged herein;

d.   Award Plaintiff's Counsel reasonable attorney's fees and cost;

e.   Award such other relief as the Court deems proper and just.

## COUNT VIII

### C.B.'s -Disability-Based Discrimination In Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and 28 C.F.R. § 35.130(b)(3), (8)

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 97 of 172*

**(Against SANTA ROSA COUNTY SHERIFF'S DEPT)**

284.   Plaintiff, C.B, re-alleges and incorporates paragraphs one (1) through one hundred thirty-three (133), and  one hundred forty-six (146) to one hundred sixty-seven (167), above as if fully set forth herein.

285.   The regulations implementing Title II of the ADA require that public entities avoid unnecessary policies, procedures, practices, criteria, or methods of administration that have the effect or tendency of excluding or discriminating against persons with disabilities. 28 C.F.R. § 35.130(b)(3), (8).

286.   Students with disabilities, and particularly students with disabilities involving behavioral challenges, including C.B., are particularly susceptible to being injured by the unnecessary use of physical restraints, including handcuffs, on the basis of disability. The affects on the students with disabilities include substantial and disproportionate physical and emotional injuries and disruptive exclusions from the school community.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 98 of 172*

287.   Instead of the unnecessary use of excessive force and physical restraints, including handcuffs, students with disabilities require reasonable modifications such as crisis intervention, de-escalation, patience, and waiting.

288.   Defendant, SHERIFF'S DEPARTMENT, is a public entity subject to Title II of the ADA.

289.   C.B. is a qualified individual with disabilities within the meaning of Title II of the ADA and meets the essential eligibility requirements for the receipt of services, programs, or activities of Defendants. *Id.* § 12131(2).

290.   Under the ADA, law enforcement officers, including school resource officers like Defendant DANIELS, must provide reasonable modifications as needed during the interactions with individuals with disabilities.

291.   Through its policies and practice of imposing unnecessary and excessive physical force and the use of physical restraints, including

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 99 of 172*

handcuffs, on school children with disabilities, including C.B,
Defendant, SHERIFF'S DEPARTMENT, has violated and continues
to violate the ADA.   See Exhibit D

292. Based on all the circumstances stated herein, Defendant SHERIFF'S
DEPARTMENT knew or should have known that the plaintiff is a
person with a disability who requires a reasonable accommodation
under the ADA due to his disability related difficulties.

293. Instead of providing a modification such as crisis intervention,
patience, and waiting, Defendant escalated the encounters with plaintiff
and subjected him to unnecessary physical restraint including
handcuffing. In doing so, DANIELS acted with deliberate indifference.

294. Further, and with deliberate indifference, Defendant, Sheriff's
Department failed to implement the nondiscrimination and regional
modification requirements of the ADA through its policies, practices,
procedures, and trainings, and instead authorized school resource

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 100 of 172*

officers such as defendant Daniels to engage in disability discrimination against plaintiff.

295. As a proximate result of the actions and interactions of the Defendant, SHERIFF'S DEPARTMENT, and its agents, C.B. suffered and continues to suffer physical pain, emotional pain, psychological injury, trauma, and suffering. Plaintiff continues to experience fear, distrust, and anxiety regarding law enforcement officers such as Daniels.

296. Through the acts and omissions set forth herein, Defendant, SHERIFF'S DEPARTMENT also violated Title II of the ADA and discriminated against C.B. by reason of his disability by:

a) Denying C.B. an opportunity to participate in and benefit from education services equal to that afforded to other students;

b) Putting C.B. at risk of denial of the opportunity to receive educational programs and services in the most integrated setting appropriate to their needs;

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 101 of 172*

c) Failing to reasonably modify policies and procedures as needed to avoid discrimination against Plaintiff;

d) Using methods of administration that have the effect of defeating or substantially impairing the accomplishment of the objectives of the Defendants' programs with respect to the Plaintiffs; and

e) Excluding or otherwise denying equal services, programs, or activities to C.B. because of his disabilities.

297. C.B. did not and does not pose a significant risk to the health or safety of others, or any risk posed could have been or could be eliminated by the provision of reasonable modification and/or non-discriminatory services.

298. Thus, Defendant, SHERIFF'S DEPARTMENT has deprived C.B. and have placed him at significant risk of further deprivation of participation in or the benefits of services, programs, or activities by a public entity.

*Amended Complaint – Figueroa., et al v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 102 of 172*

299. Defendant, SHERIFF'S DEPARTMENT has demonstrated deliberate indifference, as they were aware of substantially likely harm to LITTLE B's federally protected rights under Title II of the ADA and failed to act upon that likelihood.

300. Alternatively, Defendant, SHERIFF'S DEPARTMENT acted with the intent or reckless disregard to discriminate against C.B.

301. As a result of Defendant, SHERIFF'S DEPARTMENT's actions, C.B. has suffered and is at significant risk of suffering irreparable harm, including substantial loss of educational opportunities, and there is no adequate remedy at law.

302. Due to Defendant, SHERIFF'S DEPARTMENT's ongoing violations of Title II of the ADA, injunctive relief, declaratory relief, and compensatory and punitive damages are appropriate remedies.

303. Additionally, Plaintiff is entitled to recover attorney's fees and costs.

WHEREFORE, Plaintiff, C.B., a minor child, by and through his parents and next of friends, A.B. and D.B., request that this Court enter judgment in their favor,

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 103 of 172*

and against SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, and grant the following relief:

a.    Adjudge and declare that Defendant's, SANTA ROSA COUNTY SHERIFF'S DEPARTMENT actions, policies, practices, and interactions as described herein violate the American With Disabilities Act;

b.    Issue an Order enjoining SANTA ROSA COUNTY SHERIFF'S DEPARTMENT from engaging in the unlawful conduct complained of herein;

c.    Award actual and compensatory damages for harms suffered due to Defendant's actions as alleged herein;

d.    Award Plaintiff's Counsel reasonable attorney's fees and cost;

e.    Award such other relief as the Court deems proper and just.

## COUNT IX-
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT-

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 104 of 172*

**LITTLE B's - Disability-Based Discrimination In
Violation of Title II of the Americans with Disabilities Act
42 U.S.C. § 12132, 28 C.F.R. § 35.130(b)(3), (8)
(Against SCHOOL BOARD)**

304.   Plaintiff, LITTLE B, realleges and incorporates paragraphs one (1) through seventy-five (75), and paragraphs seventy-nine (79) though one hundred sixty-seven (167) above as if fully set forth herein.

305.   The regulations implementing Title II of the ADA require that public entities avoid unnecessary policies, procedures, practices, criteria, or methods of the ministration that had the effect or tendency of excluding or discriminating against persons with disabilities. 42 U.S.C. § 12131(1).

306.   Defendant, SCHOOL BOARD, is a public entity subject to Title II of the ADA and is officially responsible for supervising the operations of a public entity subject to Title II of the ADA. 42 U.S.C. § 12131(1).

307.   The claim in this count is not a claim under the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*., that offers federal funds to States in exchange for a commitment to furnish

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
www.JJCanHelp.com*

*Page 105 of 172*

a "free appropriate public education" ("FAPE") to all children with certain physical or intellectual disabilities. See <u>20 U.S.C. § 1412(a)(1)(A)</u>.

308. Plaintiff's claim is ripe based on the fact that he suffered malicious physical abuse inflicted upon him by school personnel, acting out of animus or frustration, all of which occurred because such was permitted by School Board policies and practices.

309. At all relevant times, Plaintiff, LITTLE B, was enrolled in an elementary school within the Santa Rosa County School District.

310. LITTLE B is a person with a disability protected by the Americans with Disabilities Act. As a minor child, Plaintiff brings this action through his mother and father and next of friends, M.F. and C.F.

311. In Florida, district school boards may establish school resource officer programs through a cooperative agreement with law enforcement agencies.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 106 of 172*

312. During the school calendar year 2021-2022, school resource officers were required to be certified law enforcement officers; however, such school resource officers are required to abide by district school board policies and are required to consult and coordinate activities through the school principal.   See §1006.12 (1)(b), Florida Statutes (2017).

313. By virtue of the provisions Fla. Stat.  §1006.12 pertaining to school resource officers, such officers – being under school board policies and coordinating their activities through the school principal – constitute school personnel under Florida law.[20]

314. Deputy DANIELS was the assigned SRO for HIGH ROADS SCHOOL and was the SRO who interacted with LITTLE B on December 8, 2021. On said date, DANIELS was subject to school board policies and was required to consult and conduct his activities through the school principal.

---

[20] See *K.P. v. State*, 129 So. 3d 1121, 1131 (Fla. 3d DCA 2013); *M.D. v. State*, 65 So. 3d 563, 566 (Fla. 1st DCA 2011*; C.M.M. v. State*, 983 So. 2d 704, 705 (Fla. 5th DCA 2008).

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 107 of 172*

315. The SRO, the principal, the teachers and staff at the HIGH ROADS SCHOOL were school personnel under Florida law and are agents of the SCHOOL BOARD.

316. LITTLE B is a qualified individual with disabilities within the meaning of Title II of the ADA and meets the essential eligibility requirements for the receipt of services, programs, or activities of Defendants. *Id.* § 12131(2). Through the acts and omissions set forth above, Defendant, SCHOOL BOARD violated Title II of the ADA and discriminated against Plaintiff LITTLE B by reason of her disability by:

(a) Failing to reasonably modify the Defendant's programs and services as needed to avoid discrimination against LITTLE B; and

(b) Using methods of administration that have the effect of defeating or substantially impairing the accomplishment of the objectives of the Defendant School Board's programs with respect to LITTLE B.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 108 of 172*

317. Students with disabilities, and particularly students with disabilities involving behavioral challenges, including LITTLE B are particularly susceptible to being injured by the unnecessary use of physical restraints, including handcuffs, on the basis of disability. The effects on the students with disabilities include substantial and disproportionate physical and emotional injuries and disruptive exclusions from the school community.

318. Instead of the unnecessary use of excessive force in physical restraints, including handcuffs, students with disabilities require reasonable modifications such as crisis intervention, de-escalation, patience, and waiting.

319. Through its policies and practice of imposing unnecessary and excessive physical force in physical restraints, including handcuffs, on school children with disabilities, including plaintiff, Defendant, SCHOOL BOARD**,** has violated and continues to violate the ADA.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 109 of 172*

320.  Under these provisions, school resource officers like the Defendant DANIELS, may not discriminate on the basis of disability, and must provide reasonable modifications as needed during the interactions with individuals with disabilities.

321.  On December 8, 2021, while in a classroom and while at school, LITLE B experienced disability-related difficulties in the nature of an autistic meltdown.[21] The episode was an event bought about by the child's severe autistic disorder and as such was an episode directly manifesting his severe disability; and, the episode was not an event associated with misbehavior or misconduct for which he was subject to

_____

[21] A meltdown is an intense response to an overwhelming situation. It happens when someone becomes completely overwhelmed by their current situation and temporarily loses control of their behavior. This loss of control can be expressed verbally (eq shouting, screaming, crying), physical (e.g., kicking, lashing out, biting) or in both ways. A meltdown is not the same as a temper tantrum. It is not bad or naughty behavior. When a person is completely overwhelmed, and their condition means it is difficult to express that in another way, it is understandable that the result is a meltdown. Meltdowns are not the only way an autistic person may express feeling overwhelmed. They may also refuse to interact, withdrawing from situations they find challenging or avoiding them altogether.

https://www.autism.org.uk/advice-and-guidance/topics/behaviour/meltdowns/all- audiences

_____

*Amended Complaint – Figueroa., et al v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 110 of 172*

being disciplined. The child, while suffering from an episode associated with his disability, was removed from his classroom and taken to the serenity room in the school where school personnel, including the SRO, physically abused the disabled student by the use of excessive physical restraint, forceful handcuffing, and excessive force causing physical and emotional injury and trauma. The use of such excessive force and harmful physical abuse was out of anger, animus or frustration on the part of school personnel (including the SRO) directed to the disabled student because the disabled child was incapable of following the directions of school personnel (including the SRO) due to his disability. The instance of violence carried out against the LITTLE B, for the reasons set forth herein, was not for the purpose of providing LITTL EB with an adequate special education and was unlikely to involve the adequacy of a special education.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 111 of 172*

322. The physical abuse to which the LITTLE B was subjected was done out of animus and frustration and was done in such a fashion so as to cause physical injuries and emotional trauma to the LITTLE B.

323. After the autistic meltdown, LITTLE B was handcuffed, placed in the back of a police car and transported to West Florida Hospital (a mental health receiving facility located in Escambia County) wherein a physician examined the Plaintiff and determined that he did not meet the requirements to be Baker Acted and discharged the LITTLE B.

324. While being physically abused, LITTLE B was physically injured; manifested and expressed pain; and, experienced mental suffering and anguish along with emotional distress.  Furthermore, the LITTLE B's mental, emotional, and psychological conditions associated with his autism became exacerbated.

325. The use of excessive and abusive physical force and restraint, including the use of mechanical restraints and handcuffs by school personnel (including the SRO) occurred because the School Board policies and

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 112 of 172*

practices permitted the same.  Further, at no point during the interaction between LITTLE B and school personnel (including the SRO) was there an imminent danger of physical harm or "direct threat" to LITTLE B or to anyone else that required the use of excessive and abusive force and harm to LITTLE B. There was not a "direct threat" justification for use of excessive and abusive physical restraint and placement of handcuffs on the LITTLE B.

326.  LITTLE B experienced physical pain, physical injury and significant emotional distress during the interaction between the LITTLE B  and school personnel (including the SRO).  As a result of the excessive force, handcuffing, and physical abuse of the LITTLE B, he suffered and continues to suffer emotional distress for which he is entitled to money damages as compensatory damages for his past harm arising out of the physical abuse he experienced.

327.  DANIEL's and SCHOOL BOARD actions herein were in violation of Fla. Stat. § 1003.573 and constitute deliberate indifference.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 113 of 172*

328.   Further, and with deliberate indifference, Defendant, SCHOOL BOARD failed to implement the nondiscrimination and regional modification requirements of the ADA through its policies, practices, procedures, and trainings, and instead authorized school resource officers such as Defendant Daniels to engage in disability discrimination against plaintiff.

329.   As a proximate result of the actions and interactions of the Defendant, SCHOOL BOARD, and its agents, LITTLE B suffered and continues to suffer physical pain, emotional pain, psychological injury, trauma and suffering. Plaintiff continues to experience fear, distrust, and anxiety regarding school and law enforcement officers such as Daniels.

330.   Through the acts and omissions set forth herein, Defendants, SCHOOL BOARD, also violated Title II of the ADA and discriminated against LITTLE B by reason of his disability by:

a)      Denying LITTLE B an opportunity to participate in and benefit from education services equal to that afforded to other students;

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 114 of 172*

b)     Putting LITTLE B at risk of denial of the opportunity to receive educational programs and services in the most integrated setting appropriate to his needs;

c)     Failing to reasonably modify policies and procedures as needed to avoid discrimination against Plaintiff;

d)     Using methods of administration that have the effect of defeating or substantially impairing the accomplishment of the objectives of the Defendants' programs with respect to the Plaintiffs; and

e)     Excluding or otherwise denying equal services, programs, or activities to LITTLE B because of his disabilities.

331.   LITTLE B did not and does not pose a significant risk to the health or safety of others, or any risk posed could have been or could be eliminated by the provision of reasonable accommodations and/or non-discriminatory services.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 115 of 172*

332. Thus, Defendant, SCHOOL BOARD, has deprived LITTLE B and has placed him at significant risk of further deprivation of participation in or the benefits of services, programs, or activities of a public entity.

333. Defendant, SCHOOL BOARD**,** has demonstrated deliberate indifference, in that it was aware of substantially likely harm to LITTLE B's federally protected rights under Title II of the ADA and failed to act upon that likelihood.

334. Alternatively, Defendant, SCHOOL BOARD, has acted with the intent or reckless disregard to discriminate against LITTLE B

335. As a result of Defendant's, SCHOOL BOARD, violations, LITTLE B has suffered and is at significant risk of suffering irreparable harm, including substantial loss of educational opportunities, and there is no adequate remedy at law.

336. Due to Defendant, SCHOOL BOARD'S ongoing violations of Title II of the ADA, injunctive relief, declaratory relief, and damages are appropriate remedies.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 116 of 172*

337.   Additionally, LITTLE B is entitled to recover attorney's fees and costs.

WHEREFORE, Plaintiff, LITTLE B, a minor child, by and through his parents and next of friends, M.F. and C.F., request that this Court enter judgment in their favor, and against SCHOOL BOARD, and grant the following relief:

a.   Adjudge and declare that Defendant's, SCHOOL BOARD actions, policies, practices, and interactions as described herein violate the American With Disabilities Act;

b.   Issue an Order enjoining SCHOOL BOARD from engaging in the unlawful conduct complained of herein;

c.   Award actual and compensatory damages for harms suffered due to Defendant's actions as alleged herein;

d.   Award Plaintiff's Counsel reasonable attorneys fees and cost;

## COUNT X-
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT-
### C.B.'s - Disability-Based Discrimination In Violation of Title II of the Americans with Disabilities Act 42 U.S.C. § 12132, 28 C.F.R. § 35.130(b)(3), (8)

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 117 of 172*

**(Against SCHOOL BOARD)**

338.   Plaintiff, C.B., realleges and incorporates paragraphs one (1) through seventy-five (75), and paragraphs seventy-nine (79) though one hundred sixty-seven (167),  above as if fully set forth herein.

339.   The regulations implementing Title II of the ADA require that public entities avoid unnecessary policies, procedures, practices, criteria, or methods of the ministration that had the effect or tendency of excluding or discriminating against persons with disabilities. 42 U.S.C. § 12131(1).

340.   Defendant, SCHOOL BOARD, is a public entity subject to Title II of the ADA and is officially responsible for supervising the operations of a public entity subject to Title II of the ADA. 42 U.S.C. § 12131(1).

341.  The claim in this count is not a claim under the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*., that offers federal funds to States in exchange for a commitment to furnish a "free appropriate public education" ("FAPE") to all children with

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 118 of 172*

certain physical or intellectual disabilities. *See* 20 U.S.C. § 1412(a)(1)(A).

342. C.B.'s claim is ripe based on the fact that he suffered malicious physical abuse inflicted upon him by school personnel, acting out of animus or frustration, all of which occurred because such was permitted by School Board policies and practices.

343. At all relevant times, Plaintiff, C.B., was enrolled in an elementary school within the Santa Rosa County School District.

344. C.B. is a person with a disability protected by the Americans with Disabilities Act.  As a minor child, C.B. brings this action through his mother and father and next of friends, A.B. and D.B.

345. In Florida, district school boards may establish school resource officer programs, through a cooperative agreement with law enforcement agencies.

346. During the school calendar year 2021-2022, school resource officers were required to be certified law enforcement officers; however, such

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 119 of 172*

school resource officers are required to abide by district school board policies and are required to consult and coordinate activities through the school principal.   See §1006.12 (1)(b), Florida Statutes (2017).

347.   By virtue of the provisions Section 1006.12, Florida Statutes pertaining to school resource officers, such officers – being under school board policies and coordinating their activities through the school principal – constitute school personnel under Florida law.[22]

348.   Deputy DANIELS was the assigned SRO for HIGH ROADS SCHOOL and was the SRO who interacted with C.B. on December 8, 2021.  On said date, DANIELS was subject to school board policies and was required to consult and conduct his activities through the school principal.

---

[22] See *K.P. v. State*, 129 So. 3d 1121, 1131 (Fla. 3d DCA 2013); *M.D. v. State*, 65 So. 3d 563, 566 (Fla. 1st DCA 2011*; C.M.M. v. State*, 983 So. 2d 704, 705 (Fla. 5th DCA 2008).

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 120 of 172*

349.  The SRO, the principal, the teachers and staff at the HIGH ROADS SCHOOL were school personnel under Florida law and are agents of the SCHOOL BOARD.

350.  C.B. is a qualified individual with disabilities within the meaning of Title II of the ADA and meets the essential eligibility requirements for the receipt of services, programs, or activities of Defendants. *Id.* § 12131(2).  Through the acts and omissions set forth above, Defendant School Board violated Title II of the ADA and discriminated against Plaintiff C.B. by reason of her disability by:

(a) Failing to reasonably modify the Defendant's programs and services as needed to avoid discrimination against C.B.; and

(b) Using methods of administration that have the effect of defeating or substantially impairing the accomplishment of the objectives of the Defendant School Board's programs with respect to C.B.

351.  Students with disabilities, and particularly students with disabilities involving behavioral challenges, including C.B. are particularly

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 121 of 172*

susceptible to being injured by the unnecessary use of physical restraints, including handcuffs, on the basis of disability. The effects on the students with disabilities include substantial and disproportionate physical and emotional injuries and disruptive exclusions from the school community.

352.   Instead of the unnecessary use of excessive force in physical restraints, including handcuffs, students with disabilities require reasonable modifications such as crisis intervention, de-escalation, patience, and waiting.

353.   Through its policies and practice of imposing unnecessary and excessive physical force in physical restraints, including handcuffs, on school children with disabilities, including plaintiff, Defendant, SCHOOL BOARD**,** has violated and continues to violate the ADA.

354.   Under these provisions, school resource officers like the Defendant DANIELS, may not discriminate on the basis of disability, and must

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 122 of 172*

provide reasonable modifications as needed during the interactions with individuals with disabilities.

355.   On December 8, 2021,  while in a classroom and while at school, C.B. experienced disability-related difficulties in the nature of an autistic meltdown.[23] The episode was an event bought about by the child's severe autistic disorder and as such was an episode directly manifesting his severe disability; and, the episode was not an event associated with misbehavior or misconduct for which he was subject to being disciplined.  The child, while suffering from an episode associated with his  disability,  was  removed  from  his  classroom  and  taken  to  the

---

[23] A meltdown is an intense response to an overwhelming situation.    It  happens   when someone becomes  completely overwhelmed by their current situation and temporarily loses control of their behavior. This loss of control can be expressed verbally (eq shouting, screaming, crying), physical (e.g., kicking, lashing out,  biting) or in both ways.  A meltdown is not the same as a temper tantrum.  It is not bad or naughty behavior.  When  a person  is completely overwhelmed, and their condition means it is difficult to express that in another way, it is understandable  that the result is a meltdown.  Meltdowns are not the only way an autistic person may express feeling overwhelmed. They may also refuse to interact, withdrawing from  situations they       find challenging      or      avoiding        them altogether.

 https://www.autism.org.uk/advice-and-guidance/topics/behaviour/meltdowns/all- audiences

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 123 of 172*

serenity room in the school where school personnel, including the SRO, physically abused the disabled student by the use of excessive physical restraint, forceful handcuffing, and excessive force causing physical and emotional injury and trauma. The use of such excessive force and harmful physical abuse was out of anger, animus or frustration on the part of school personnel (including the SRO) directed to the disabled student because the disabled child was incapable of following the directions of school personnel (including the SRO) due to his disability. The instance of violence carried out against C.B., for the reasons set forth herein, was not for the purpose of providing the C.B. with an adequate special education and was unlikely to involve the adequacy of a special education.

356. The physical abuse to which the C.B. was subjected was done out of animus and frustration and was done in such a fashion so as to cause physical injuries and emotional trauma to the C.B..

Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.

Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
www.JJCanHelp.com

Page 124 of 172

357.  After the autistic meltdown, C.B. was handcuffed, placed in the back of a police car, and transported to West Florida Hospital (a mental health receiving facility located in Escambia County), wherein a physician examined C.B. and determined that he did not meet the requirements to be Baker Acted and discharged him.

358.  While being physically abused, C.B. was physically injured; manifested and expressed pain; and, experienced mental suffering and anguish along with emotional distress.  Furthermore, C.B.'s mental, emotional, and psychological conditions associated with his autism became exacerbated.

359.  The use of excessive and abusive physical force and restraint, including the use of mechanical restraints and handcuffs by school personnel (including the SRO) occurred because the School Board policies and practices permitted the same.  Further, at no point during the interaction between C.B. and school personnel (including the SRO) was there an imminent danger of physical harm or "direct threat" to Plaintiff or to

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 125 of 172*

anyone else that required the use of excessive and abusive force and harm to C.B.. There was not a "direct threat" justification for use of excessive and abusive physical restraint and placement of handcuffs on the Plaintiff.

360. C.B. experienced physical pain, physical injury and significant emotional distress during the interaction between the Plaintiff and school personnel (including the SRO).  As a result of the excessive force, handcuffing, and physical abuse of C.B., he suffered and continues to suffer emotional distress for which he is entitled to money damages as compensatory damages for his past harm arising out of the physical abuse he experienced.

361. DANIEL's and SCHOOL BOARD actions herein were in violation of Section 1003.573, Florida Statutes and constitute deliberate indifference.

362. Further, and with deliberate indifference, Defendant, SCHOOL BOARD failed to implement the nondiscrimination and regional

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 126 of 172*

modification requirements of the ADA through its policies, practices, procedures, and trainings, and instead authorized school resource officers such as Defendant Daniels to engage in disability discrimination against plaintiff.

363.   As a proximate result of the actions and interactions of the Defendant, SCHOOL BOARD, and its agents, C.B. suffered and continues to suffer physical pain, emotional pain, psychological injury, trauma and suffering. C.B. continues to experience fear, distrust, and anxiety regarding school and law enforcement officers such as DANIELS.

364.   Through the acts and omissions set forth herein, Defendants, SCHOOL BOARD, also violated Title II of the ADA and discriminated against LITTLE B by reason of his disability by:

a)   Denying C.B. an opportunity to participate in and benefit from education services equal to that afforded to other students;

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 127 of 172*

b)    Putting C.B. at risk of denial of the opportunity to receive educational programs and services in the most integrated setting appropriate to his needs;

c)    Failing to reasonably modify policies and procedures as needed to avoid discrimination against C.B.;

d)    Using methods of administration that have the effect of defeating or substantially impairing the accomplishment of the objectives of the Defendants' programs with respect to the Plaintiffs; and

e)    Excluding or otherwise denying equal services, programs, or activities to C.B. because of his disabilities.

365.  C.B. did not and does not pose a significant risk to the health or safety of others, or any risk posed could have been or could be eliminated by the provision of reasonable accommodations and/or non-discriminatory services.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 128 of 172*

366.   Thus, Defendant, SCHOOL BOARD, has deprived C.B. and has placed him at significant risk of further deprivation of participation in or the benefits of services, programs, or activities of a public entity.

367.   Defendant, SCHOOL BOARD**,** has demonstrated deliberate indifference, in that it was aware of substantially likely harm to LITTLE B's federally protected rights under Title II of the ADA and failed to act upon that likelihood.

368.   Alternatively, Defendant, SCHOOL BOARD, has acted with the intent or reckless disregard to discriminate against C.B.

369.   As a result of Defendant, SCHOOL BOARD's violations, C.B. has suffered and is at significant risk of suffering irreparable harm, including substantial loss of educational opportunities, and there is no adequate remedy at law.

370.   Due to Defendant's, SCHOOL BOARD, ongoing violations of Title II of the ADA, injunctive relief, declaratory relief, and damages are appropriate remedies.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 129 of 172*

371.    Additionally, Plaintiff is entitled to recover attorney's fees and costs.

WHEREFORE, Plaintiff, C.B., a minor child, by and through his parents and next of friends, A.B. and D.B., request that this Court enter judgment in their favor, and against SCHOOL BOARD, and grant the following relief:

a.    Adjudge and declare that Defendant, SCHOOL BOARD's actions, policies, practices, and interactions as described herein violate the American With Disabilities Act;

b.    Issue an Order enjoining SCHOOL BOARD from engaging in the unlawful conduct complained of herein;

c.    Award actual and compensatory damages for harms suffered due to Defendant's actions as alleged herein;

d.    Award Plaintiffs' attorneys fees and cost.

e.    Award any such relief as the Court deems just.

## COUNT XI
## VIOLATION OF THE FLORIDA EDUCATION EQUITY ACT
(By LITTLE B Against CAMELOT SCHOOLS OF FLORIDA, LLC d/b/a HIGH ROAD SCHOOL OF SANTA ROSA)

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 130 of 172*

372. Plaintiff, LITTLE B, realleges and incorporates paragraphs one (1) through seventy-five (75), paragraphs seventy-nine (79) though one hundred sixty-seven (167), and paragraphs three hundred five (305) through three hundred thirty six (336) above as if fully set forth herein.

373. The Florida Educational Equity Act ("FEEA") prohibits discrimination "on the basis of race, ethnicity, national origin, gender, disability, religion, or marital status against a student or an employee in the state system of public K-20 education." Fla. Stat. § 1000.05(3)(d).

374. By reason of his disabilities, LITTLE B is subjected to discrimination by Defendant, CAMELOT SCHOOLS OF FLORIDA, LLC, who inappropriately and unlawfully permitted and allowed LITTLE B and other students to be inappropriately and unlawfully subjected to the Baker Act.

375. By failing to establish appropriate safeguards to prevent the Baker Act from being used inappropriately against students with disabilities and by failing to establish appropriate safeguards to prevent handcuffing

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 131 of 172*

from being used inappropriately against students with disabilities, including LITTLE B, Defendant, CAMELOT SCHOOLS OF FLORIDA, LLC acted with deliberate indifference, in violation of the FEEA.

376. As a result of Defendant, CAMELOT SCHOOLS OF FLORIDA, LLC.'s violations, LITTLE B has suffered and is at significant risk of suffering irreparable harm, including substantial losses of educational opportunities, and he has no adequate remedy at law.

377. Due to Defendant, CAMELOT SCHOOLS OF FLORIDA, LLC.'s ongoing violations of the FEEA, injunctive and declaratory relief are appropriate remedies.  LITTLE B is also entitled to attorneys' fees and  costs.

WHEREFORE, Plaintiff, LITTLE B, a minor child, by and through his parents and next of friends, M.F. and C.F., request that this Court enter judgment in their favor, and against CAMELOT SCHOOLS OF FLORIDA, LLC d/b/a HIGH ROAD SCHOOL OF SANTA ROSA, and grant the following relief:

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 132 of 172*

a.      Adjudge and declare that Defendants, CAMELOT SCHOOLS OF FLORIDA, LLC d/b/a HIGH ROAD SCHOOL OF SANTA ROSA's actions, policies, practices, and interactions as described herein violate the Florida Educational Equity Act ("FEEA");

b.      Issue an Order enjoining CAMELOT SCHOOLS OF FLORIDA, LLC d/b/a HIGH ROAD SCHOOL OF SANTA ROSA COUNTY from engaging in the unlawful conduct complained of herein;

c.      Award actual and compensatory damages for harms suffered due to Defendant's actions as alleged herein;

d.      Award Plaintiff's Counsel reasonable attorneys' fees and cost;

e.      Award such other relief as the Court deems proper and just.

### COUNT XII
### VIOLATION OF THE FLORIDA EDUCATION EQUITY ACT
(By LITTLE B Against SCHOOL BOARD)

378.   Plaintiff, LITTLE B, realleges and incorporates paragraphs one (1) through seventy-five (75), paragraphs seventy-nine (79) though one

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 133 of 172*

hundred sixty-seven (167), and paragraphs three hundred five (305) through three hundred thirty six (336) above as if fully set forth herein

379. The Florida Educational Equity Act ("FEEA") prohibits discrimination "on the basis of race, ethnicity, national origin, gender, disability, religion, or marital status against a student or an employee in the state system of public K-20 education." Fla. Stat. § 1000.05(3)(d).

380. By reason of his disabilities, LITTLE B is subjected to discrimination by Defendant, SCHOOL BOARD, who have inappropriately and unlawfully permit and allow LITTLE B and other students to be inappropriately and unlawfully subjected to the Baker Act.

381. By failing to establish appropriate safeguards to prevent the Baker Act from being used inappropriately against students with disabilities and by failing to establish appropriate safeguards to prevent handcuffing from being used inappropriately against students with disabilities, including LITTLE B, Defendant, SCHOOL BOARD acted with deliberate indifference, in violation of the FEEA.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 134 of 172*

382. As a result of Defendant, SCHOOL BOARD's violations, LITTLE B has suffered and is at significant risk of suffering irreparable harm, including substantial losses of educational opportunities, and he has no adequate remedy at law.

383. Due to Defendants' ongoing violations of the FEEA, injunctive and declaratory relief are appropriate remedies. LITTLE B is also entitled to attorneys' fees and costs.

WHEREFORE, Plaintiff, LITTLE B, a minor child, by and through his parents and next of friends, M.F. and C.F., request that this Court enter judgment in their favor, and against SCHOOL BOARD, and grant the following relief:

a. Adjudge and declare that Defendant, SCHOOL BOARD OF SANTA ROSA COUNTY's actions, policies, practices, and interactions as described herein violate the Florida Educational Equity Act ("FEEA");

b. Issue an Order enjoining SCHOOL BOARD from engaging in the unlawful conduct complained of herein;

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600  FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 135 of 172*

c.      Award actual and compensatory damages for harms suffered due to
        Defendant's actions as alleged herein;

d.      Award Plaintiff's Counsel reasonable attorneys fees and cost;

e.      Award such other relief as the Court deems proper and just.

### COUNT XIII
### VIOLATION OF THE FLORIDA EDUCATION EQUITY ACT
(By C.B. Against CAMELOT SCHOOLS OF FLORIDA, LLC d/b/a HIGH ROAD
SCHOOL OF SANTA ROSA)

384.    Plaintiff, C.B., realleges and incorporates one (1) through seventy-five

        (75), paragraphs seventy-nine (79) though one hundred sixty-seven

        (167),  and paragraphs three hundred thirty-nine  (339) through three

        hundred seventy (370) above as if set forty fully herein.

385.    The Florida Educational Equity Act ("FEEA") prohibits discrimination

        "on the basis of race, ethnicity, national origin, gender, disability,

        religion, or marital status against a student or an employee in the state

        system of public K-20 education." Fla. Stat. § 1000.05(3)(d).

386.    By reason of his disabilities, C.B. is subjected to discrimination by

        Defendant, CAMELOT SCHOOLS OF FLORIDA, LLC, who

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 136 of 172*

inappropriately and unlawfully permitted and allowed C.B. and other students to be inappropriately and unlawfully subjected to the Baker Act.

387. By failing to establish appropriate safeguards to prevent the Baker Act from being used inappropriately against students with disabilities and by failing to establish appropriate safeguards to prevent handcuffing from being used inappropriately against students with disabilities, including C.B., Defendant, CAMELOT SCHOOLS OF FLORIDA, LLC acted with deliberate indifference, in violation of the FEEA.

388. As a result of Defendant, CAMELOT SCHOOLS OF FLORIDA, LLC.'s violations, C.B. has suffered and is at significant risk of suffering irreparable harm, including substantial losses of educational opportunities, and he has no adequate remedy at law.

389. Due to Defendant, CAMELOT SCHOOLS OF FLORIDA, LLC's ongoing violations of the FEEA, injunctive and declaratory relief are

*Amended Complaint – Figueroa., et al v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 137 of 172*

appropriate remedies.  Plaintiff is also entitled to attorneys' fees  and costs.

WHEREFORE, Plaintiff, C.B., a minor child, by and through his parents and next of friends, A.B. and D.B., request that this Court enter judgment in their favor, and against CAMELOT SCHOOLS OF FLORIDA, LLC d/b/a HIGH ROAD SCHOOL OF SANTA ROSA,  and grant the following relief:

a.      Adjudge and declare that Defendants, CAMELOT SCHOOLS OF FLORIDA, LLC d/b/a HIGH ROAD SCHOOL OF SANTA ROSA's actions, policies, practices, and interactions as described herein violate the Florida Educational Equity Act ("FEEA");

b.      Issue an Order enjoining CAMELOT SCHOOLS OF FLORIDA, LLC d/b/a HIGH ROAD SCHOOL OF SANTA ROSA COUNTY from engaging in the unlawful conduct complained of herein;

c.      Award actual and compensatory damages for harms suffered due to Defendant's actions as alleged herein;

d.      Award Plaintiff's Counsel reasonable attorneys fees and cost;

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 138 of 172*

e.       Award such other relief as the Court deems proper and just.

## COUNT XIV
## VIOLATION OF THE FLORIDA EDUCATION EQUITY ACT
(By C.B. Against SCHOOL BOARD)

390.  Plaintiff, C.B., realleges and incorporates one (1) through seventy-five (75), paragraphs seventy-nine (79) though one hundred sixty-seven (167),  and paragraphs three hundred thirty-nine  (339) through three hundred seventy (370) above as if set forty fully herein.

391.  The Florida Educational Equity Act ("FEEA") prohibits discrimination "on the basis of race, ethnicity, national origin, gender, disability, religion, or marital status against a student or an employee in the state system of public K-20 education." Fla. Stat. § 1000.05(3)(d).

392.  By reason of his disabilities, C.B. is subjected to discrimination by Defendant, SCHOOL BOARD, who inappropriately and unlawfully permit and allow C.B. and other students to be inappropriately and unlawfully subjected to the Baker Act.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 139 of 172*

393. By failing to establish appropriate safeguards to prevent the Baker Act from being used inappropriately against students with disabilities and by failing to establish appropriate safeguards to prevent handcuffing from being used inappropriately against students with disabilities, including C.B., Defendant, SCHOOL BOARD acted with deliberate indifference, in violation of the FEEA.

394. As a result of Defendant, SCHOOL BOARD's violations, C.B. has suffered and is at significant risk of suffering irreparable harm, including substantial losses of educational opportunities, and he has no adequate remedy at law.

395. Due to Defendant's ongoing violations of the FEEA, injunctive and declaratory relief are appropriate remedies.  Plaintiff is also entitled to attorneys' fees and  costs.

WHEREFORE, Plaintiff, C.B., a minor child, by and through his parents and next of friends, M.F. and C.F., request that this Court enter judgment in their favor,

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 140 of 172*

and against Defendant, SCHOOL BOARD OF SANTA ROSA COUNTY, and grant the following relief:

   a.   Adjudge and declare that Defendant, SCHOOL BOARD's actions, policies, practices, and interactions as described herein violate the Florida Educational Equity Act ("FEEA");

   b.   Issue an Order enjoining SCHOOL BOARD from engaging in the unlawful conduct complained of herein;

   c.   Award actual and compensatory damages for harms suffered due to Defendant's actions as alleged herein;

   d.   Award Plaintiff's Counsel reasonable attorneys fees and cost;

   e.   Award such other relief as the Court deems proper and just.

## COUNT XV
## § 1983 Procedural Due Process Claim for Deprivation of Parental Right to Custody and Control
## (By M.F. and C.F. Against SCHOOL BOARD,)

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 141 of 172*

396. Plaintiffs, M.F. and C.F., realleges and incorporates one (1) through seventy-five (75), and paragraphs seventy-nine (79) though one hundred sixty-seven (167), above as if fully set forth herein.

397. Parents have a fundamental right to the care, custody, and control of their children.

398. Parents cannot be deprived of this fundamental right without constitutionally sufficient due process under the Fourteenth Amendment.

399. Plaintiff M.F. and C.F. brings this claim against Defendant, SCHOOL BOARD, because SCHOOL BOARD'S employees, contractors, and school resource officers took LITTLE B into their custody and transported him to a receiving facility, where they were initially denied contact with his parents, without notifying or seeking consent form his parents.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 142 of 172*

400. No actual or perceived emergency existed that would justify Defendants depriving LITTLE B's parents of their fundamental rights without due process protections.

401. The failure to provide any type of notice or consent requirement prior to removing LITTLE B from his parents' custody and control is constitutionally insufficient and violates M.F.'s and C.F.'s due process rights.

402. These violations of M.F.'s and C.F.'s rights by School Resource Officers or police officers working in Santa Rosa County schools were the result of longstanding policies adopted by, ratified by, acquiesced to and endorsed by Defendant, SCHOOL BOARD, and its predecessors. SCHOOL BOARD'S Baker Act policies still do not provide that parents need to be asked for their opinion, let alone consent, about whether their children should be sent for involuntarily examination.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 143 of 172*

403.   These violations were also the result of those Defendant's failure to supervise and train School Resource Officer, employees, and contractors to seek parental consent before initiating a Baker Act examination. Despite being aware that hundreds of children were being Baker Acted and that many of those Baker Acts could be prevented by contacting children's parents, Defendants failed to train their officers to do so.

404.   These violations interfered with LITTLE B's parents' relationship with him when he needed them most. This caused LITTLE B's parents and LITTLE B great distress. Without adequate relief Plaintiffs are at significant risk of suffering similar harms in the future.

405.   Due to Defendants' ongoing violations of the Fourteenth Amendment and the U.S. Constitution, injunctive and declaratory relief is an appropriate remedy.

406.   Plaintiffs, M.F. and C.F., are entitled to compensatory damages, injunctive relief, declaratory relief and attorneys' fees and costs.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 144 of 172*

WHEREFORE, Plaintiffs, M.F. and C.F., request that this Court enter judgment in their favor, and against Defendant, SCHOOL BOARD OF SANTA ROSA COUNTY, and grant the following relief:

    a.    Adjudge and declare that Defendant, SCHOOL BOARD's actions, policies, practices, and interactions as described herein violate the U.S. Constitution;

    b.    Issue an Order enjoining Defendant from engaging in the unlawful conduct complained of herein;

    c.    Award actual and compensatory damages for harms suffered due to Defendant's actions as alleged herein;

    d.    Award Plaintiff's Counsel reasonable attorneys fees and cost;

    e.    Award such other relief as the Court deems proper and just.

## COUNT XVI
## § 1983 Procedural Due Process Claims for Control Over Medical Decision-Making Under the Fourteenth Amendment
## (By M.F. and C.F. Against SCHOOL BOARD)

.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 145 of 172*

407.  Plaintiffs, M.F. and C.F., re-allege and incorporate paragraphs one (1) through seventy-five (75), and paragraphs seventy-nine (79) though one hundred sixty-seven (167), above as if fully set forth herein.

408.  Parents have a fundamental right to the care, custody, and control of the medical decisions of their children.

409.  Parents cannot be deprived of this fundamental right without constitutionally sufficient due process under the Fourteenth Amendment.

410.  Plaintiff M.F. and C.F. bring this claim against Defendant, SCHOOL BOARD, because SCHOOL BOARD's employees and contractors initiated involuntary examinations of LITTLE B under the Baker Act without notifying or seeking consent from his parents, and/or over the parents objections.

411.  No actual or perceived emergency existed that would justify Defendants depriving LITTLE B's parents of their fundamental rights without any due process protections.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 146 of 172*

412. The failure to provide any type of notice or consent requirement prior to employing the Baker Act on a child in this situation is unconstitutional and violates M.F. and C.F.'s procedural due process rights.

413. These violations of M.F. and C.F.'s rights by police officers and employees or contractors working in Santa Rosa County schools were the result of longstanding SCHOOL BOARD's policies adopted by, ratified by, acquiesced to and endorsed by Defendant, and its predecessors.  SCHOOL BOARD'S policies still do not provide that parents need to be asked for their opinion, let alone consent, about whether their children should be sent for involuntarily examination.

414. These violations were also the result of those Defendant's failure to supervise and train its employees and contractors to seek parental consent before initiating a Baker Act examination. Despite being aware that hundreds of children were being seized for involuntary examination under the Baker Act and that many of those Baker Acts

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 147 of 172*

could be prevented by contacting children's parents, Defendant failed to train their officers or contractors to do so.

415.   These violations interfered with LITTLE B's parents' ability to make the best medical decisions for their child, harming the interests of both parents and child in ensuring that children's medical needs are met adequately. Without adequate relief M.F. and C.F. are at significant risk of suffering similar harms in the future.

416.   Due to Defendant's ongoing violations of the Fourteenth Amendment, injunctive and declaratory relief are appropriate remedies.

417.   Plaintiffs, M.F. and C.F., are entitled to compensatory damages, injunctive relief, declaratory relief and attorneys' fees and costs.

WHEREFORE, Plaintiffs, M.F. and C.F., request that this Court enter judgment in their favor, and against Defendant, SCHOOL BOARD OF SANTA ROSA COUNTY, and grant the following relief:

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 148 of 172*

a.    Adjudge and declare that Defendants, SCHOOL BOARD'S actions, policies, practices, and interactions as described herein violate the U.S. Constitution;

b.    Issue an Order enjoining SCHOOL BOARD, from engaging in the unlawful conduct complained of herein;

c.    Award actual and compensatory damages for harms suffered due to Defendants' actions as alleged herein;

d.    Award Plaintiffs' Counsel reasonable attorneys fees and cost;

e.    Award such other relief as the Court deems proper and just.

## COUNT XIX
## § 1983 Procedural Due Process Claim for Deprivation of Parental Right to Custody and Control
### (By M.F. and C.F. Against CAMELOT)

418.   Plaintiff, M.F. and C.F., re-allege and incorporate realleges and incorporates paragraphs one (1) through seventy-five (75), and paragraphs seventy-nine (79) though one hundred sixty-seven (167), above as if fully set forth herein.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 149 of 172*

419. Parents have a fundamental right to the care, custody, and control of their children.

420. Parents cannot be deprived of this fundamental right without constitutionally sufficient due process under the Fourteenth Amendment.

421. Plaintiff M.F. and C.F. brings this claim against Defendant, CAMELOT, because CAMELOT'S employees, contractors, and school resource officers took LITTLE B into their custody and transported him to a receiving facility, where they were initially denied contact with his parents, without notifying or seeking consent form his parents.

422. No actual or perceived emergency existed that would justify Defendants depriving LITTLE B's parents of their fundamental rights without due process protections.

423. The failure to provide any type of notice or consent requirement prior to removing LITTLE B from his parents' custody and control is

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 150 of 172*

constitutionally insufficient and violates M.F.'s and C.F.'s due process rights.

424.  These violations of M.F.'s and C.F.'s rights by School Resource Officers or police officers working in Santa Rosa County schools were the result of longstanding policies adopted by, ratified by, acquiesced to and endorsed by Defendant, CAMELOT, and its predecessors. CAMELOT'S Baker Act policies still do not provide that parents need to be asked for their opinion, let alone consent, about whether their children should be sent for involuntarily examination.

425.  These violations were also the result of those Defendant's failure to supervise and train School Resource Officer, employees, and contractors to seek parental consent before initiating a Baker Act examination. Despite being aware that hundreds of children were being Baker Acted and that many of those Baker Acts could be prevented by contacting children's parents, Defendants failed to train their officers to do so.

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

426.   These violations interfered with LITTLE B's parents' relationship with him when he needed them most. This caused LITTLE B's parents and LITTLE B great distress. Without adequate relief Plaintiffs are at significant risk of suffering similar harms in the future.

427.   Due to Defendants' ongoing violations of the Fourteenth Amendment and the U.S. Constitution, injunctive and declaratory relief is an appropriate remedy.

428.   Plaintiffs, M.F. and C.F., are entitled to compensatory damages, injunctive relief, declaratory relief and attorneys' fees and costs.

WHEREFORE, Plaintiffs, M.F. and C.F., request that this Court enter judgment in their favor, and against CAMELOT, and grant the following relief:

a.   Adjudge and declare that Defendants, CAMELOT actions, policies, practices, and interactions as described herein violate the U.S. Constitution;

b.   Issue an Order enjoining Defendant from engaging in the unlawful conduct complained of herein;

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 152 of 172*

c.  Award actual and compensatory damages for harms suffered

due to Defendant's actions as alleged herein;

d.  Award Plaintiff's Counsel reasonable attorneys fees and cost;

e.  Award such other relief as the Court deems proper and just.

## COUNT XX
## § 1983 Procedural Due Process Claims for Control Over Medical Decision-Making Under the Fourteenth Amendment
### (By M.F. and C.F. Against CAMELOT)

429.  Plaintiff, M.F. and C.F., re-allege and incorporate paragraphs one (1) through seventy-five (75), and paragraphs seventy-nine (79) though one hundred sixty-seven (167), above as if fully set forth herein.

430.  Parents have a fundamental right to the care, custody, and control of the medical decisions of their children.

431.  Parents cannot be deprived of this fundamental right without constitutionally sufficient due process under the Fourteenth Amendment.

432.  Plaintiff M.F. and C.F. bring this claim against Defendant, CAMELOT, because CAMELOT's employees and contractors initiated involuntary

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 153 of 172*

examinations of LITTLE B under the Baker Act without notifying or seeking consent from his parents, and/or over the parents objections.

433. No actual or perceived emergency existed that would justify Defendants depriving LITTLE B's parents of their fundamental rights without any due process protections.

434. The failure to provide any type of notice or consent requirement prior to employing the Baker Act on a child in this situation is unconstitutional and violates M.F. and C.F.'s procedural due process rights.

435. These violations of M.F. and C.F.'s rights by police officers and employees or contractors working in Santa Rosa County schools were the result of longstanding CAMELOT's  policies adopted by, ratified by, acquiesced to and endorsed by Defendant, and its  predecessors. CAMELOT'S policies still do not provide that parents need to be asked for their opinion, let alone consent, about whether their children should be sent for involuntarily examination.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 154 of 172*

436.   These violations were also the result of those Defendant's failure to supervise and train its  employees and contractors to seek parental consent before initiating a Baker Act examination. Despite being aware that hundreds of children were being seized for involuntary examination under the Baker Act and that many of those Baker Acts could be prevented by contacting children's parents, Defendant failed to train their officers or contractors to do so.

437.   These violations interfered with LITTLE B's parents' ability to make the best medical decisions for their child, harming the interests of both parents and child in ensuring that children's medical needs are met adequately. Without adequate relief M.F. and C.F. are at significant risk of suffering similar harms in the future.

438.   Due to Defendant's ongoing violations of the Fourteenth Amendment, injunctive and declaratory relief are appropriate remedies.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 155 of 172*

439.   Plaintiffs, M.F. and C.F., are entitled to compensatory damages, injunctive relief, declaratory relief and attorneys' fees and costs.

WHEREFORE, Plaintiffs, M.F. and C.F., request that this Court enter judgment in their favor, and against CAMELOT,  and grant the following relief:

a.   Adjudge and declare that Defendants, CAMELOT'S actions, policies, practices, and interactions as described herein violate the U.S. Constitution;

b.   Issue an Order enjoining CAMELOT, from engaging in the unlawful conduct complained of herein;

c.   Award actual and compensatory damages for harms suffered due to Defendants' actions as alleged herein;

d.   Award Plaintiffs' Counsel reasonable attorneys fees and cost;

e.   Award such other relief as the Court deems proper and just.

## COUNT XXI
## § 1983 Procedural Due Process Claim for Deprivation of Parental Right to Custody and Control
## (By A.B. and D.B. Against JOHNSON)

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 156 of 172*

440. Plaintiffs, A.B. and D.B., reallege and incorporate one (1) through seventy-five (75), and paragraphs seventy-nine (79) though one hundred sixty-seven (167), above as if fully set forth herein.

441. Parents have a fundamental right to the care, custody, and control of their children.

442. Parents cannot be deprived of this fundamental right without constitutionally sufficient due process under the Fourteenth Amendment.

443. Plaintiff A.B. and D.B. brings this claim against Defendant, JOHNSON, in his Official Capacity because JOHNSON's employees and contracted school resource officer took C.B. into their custody and transported him to a receiving facility, where they were initially denied contact with his parents, without notifying or seeking consent form his parents.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 157 of 172*

444. No actual or perceived emergency existed that would justify Defendants depriving C.B.'s parents of their fundamental rights without due process protections.

445. The failure to provide any type of notice or consent requirement prior to removing C.B. from his parents' custody and control is constitutionally insufficient and violates A.B.'s and D.B.'s due process rights.

446. These violations of A.B.'s and D.B.'s rights by School Resource Officers or police officers working in Santa Rosa County schools were the result of longstanding policies adopted by, ratified by, acquiesced to and endorsed by Defendant, JOHNSON, and his predecessors. JOHNSON'S Baker Act policies still provide that parents need not even be asked for their opinion, let alone consent, about whether their children should be sent for involuntarily examination.

447. These violations were also the result of those Defendants' failure to supervise and train School Resource Officer, employees, and

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 158 of 172*

contractors to seek parental consent before initiating a Baker Act examination. Despite being aware that hundreds of children were being Baker Acted and that many of those Baker Acts could be prevented by contacting children's parents, Defendants failed to train their officers to do so.

448. These violations interfered with A.B.'s and D.B.'s relationship with C.B. when he needed them most. This caused A.B. and D.B. and C.B. great distress. Without adequate relief Plaintiffs are at significant risk of suffering similar harms in the future.

449. Due to Defendants' ongoing violations of the Fourteenth Amendment and the U.S. Constitution, injunctive and declaratory relief is an appropriate remedy.

450. Plaintiffs, A.B. and D.B., are entitled to compensatory damages, injunctive relief, declaratory relief and attorneys' fees and costs.

WHEREFORE, Plaintiffs, A.B. and D.B., request that this Court enter judgment in their favor, and against JOHNSON, in his Official Capacity, and grant

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 159 of 172*

the following relief:

  f.  Adjudge and declare that Defendants, JOHNSON, in his

    Official Capacity, actions, policies, practices, and interactions

    as described herein violate the U.S. Constitution;

  g.  Issue an Order enjoining Defendant from engaging in the

    unlawful conduct complained of herein;

  h.  Award actual and compensatory damages for harms suffered

    due to Defendant's actions as alleged herein;

  i.  Award Plaintiff's Counsel reasonable attorneys fees and cost;

  j.  Award such other relief as the Court deems proper and just.

## COUNT XXII
## § 1983 Procedural Due Process Claims for Control Over Medical Decision-Making Under the Fourteenth Amendment
### (By A.B. and D.B. Against JOHNSON)

451. Plaintiffs, A.B. and D.B., re-allege and incorporate paragraphs one (1)

through seventy-five (75), and paragraphs seventy-nine (79) though

one hundred sixty-seven (167), above as if fully set forth herein.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 160 of 172*

452. Parents have a fundamental right to the care, custody, and control of the medical decisions of their children.

453. Parents cannot be deprived of this fundamental right without constitutionally sufficient due process under the Fourteenth Amendment.

454. Plaintiffs, A.B. and D.B., bring this claim against Defendant, JOHNSON, in his Official Capacity, because JOHNSON's employees and contractors initiated involuntary examinations of C.B. under the Baker Act without notifying or seeking consent from his parents, and/or over the parents objections.

455. No actual or perceived emergency existed that would justify Defendants depriving C.B.'s parents of their fundamental rights without any due process protections.

456. The failure to provide any type of notice or consent requirement prior to employing the Baker Act on a child in this situation is

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 161 of 172*

unconstitutional and violates A.B. and D.B.'s procedural due process rights.

457.   These violations of A.B. and D.B.'s rights by police officers working in Santa Rosa County schools were the result of longstanding SHERIFF DEPARTMENT and JOHNSON's  policies adopted by, ratified by, acquiesced to and endorsed by Defendant, JOHNSON and his predecessors.  JOHNSON'S policies still provide that parents need not even be asked for their opinion, let alone consent, about whether their children should be sent for involuntarily examination.

458.   These violations were also the result of those Defendants' failure to supervise and train Santa Rosa County Sheriff's Office employees and contractors to seek parental consent before initiating a Baker Act examination. Despite being aware that hundreds of children were being seized for involuntary examination under the Baker Act and that many of those Baker Acts could be prevented by contacting children's parents, Defendants failed to train their officers to do so.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 162 of 172*

459.   These violations interfered with C.B.'s parents' ability to make the best medical decisions for their child, harming the interests of both parents and child in ensuring that children's medical needs are met adequately. Without adequate relief A.B. and D.B. are at significant risk of suffering similar harms in the future.

460.   Due to Defendant's ongoing violations of the Fourteenth Amendment, injunctive and declaratory relief are appropriate remedies.

461.   Plaintiffs, A.B. and D.B., are entitled to compensatory damages, injunctive relief, declaratory relief and attorneys' fees and costs.

WHEREFORE, Plaintiffs, A.B. and D.B., request that this Court enter judgment in their favor, and against JOHNSON, in his Official Capacity, , and grant the following relief:

a.   Adjudge and declare that Defendants, JOHNSON, in his Official Capacity,  actions, policies, practices, and interactions as described herein violate the U.S. Constitution;

Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 163 of 172*

b.     Issue an Order enjoining JOHNSON, from engaging in the unlawful conduct complained of herein;

c.     Award actual and compensatory damages for harms suffered due to Defendants' actions as alleged herein;

d.     Award Plaintiffs' Counsel reasonable attorneys fees and cost;

e.     Award such other relief as the Court deems proper and just.

## COUNT XXIII
## § 1983 Procedural Due Process Claim for Deprivation of Parental Right to Custody and Control
### (By A.B. and D.B. Against SCHOOL DISTRICT)

462.    Plaintiffs, A.B. and D.B., reallege and incorporate one (1) through seventy-five (75), and paragraphs seventy-nine (79) though one hundred sixty-seven (167), above as if fully set forth herein.

463.    Parents have a fundamental right to the care, custody, and control of their children.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 164 of 172*

464. Parents cannot be deprived of this fundamental right without constitutionally sufficient due process under the Fourteenth Amendment.

465. Plaintiff A.B. and D.B. brings this claim against Defendant, SCHOOL BOARD, because SCHOOL BOARD'S employees, contractors, and school resource officers took C.B. into their custody and transported him to a receiving facility, where they were initially denied contact with his parents, without notifying or seeking consent form his parents.

466. No actual or perceived emergency existed that would justify Defendants depriving C.B.'s parents of their fundamental rights without due process protections.

467. The failure to provide any type of notice or consent requirement prior to removing C.B. from his parents' custody and control is constitutionally insufficient and violates A.B.'s and D.B.'s   due process rights.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 165 of 172*

468.   These violations of A.B.'s and D.B.'s rights by School Resource Officers or police officers working in Santa Rosa County schools were the result of longstanding policies adopted by, ratified by, acquiesced to and endorsed by Defendant, SCHOOL BOARD, and its predecessors. SCHOOL BOARD'S Baker Act policies still do not provide that parents need to be asked for their opinion, let alone consent, about whether their children should be sent for involuntarily examination.

469.   These violations were also the result of those Defendant's failure to supervise and train School Resource Officer, employees, and contractors to seek parental consent before initiating a Baker Act examination. Despite being aware that hundreds of children were being Baker Acted and that many of those Baker Acts could be prevented by contacting children's parents, Defendants failed to train their officers to do so.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 166 of 172*

470. These violations interfered with C.B.'s parents' relationship with him when he needed them most. This caused C.B.'s parents and C.B. great distress. Without adequate relief Plaintiffs are at significant risk of suffering similar harms in the future.

471. Due to Defendants' ongoing violations of the Fourteenth Amendment and the U.S. Constitution, injunctive and declaratory relief is an appropriate remedy.

472. Plaintiffs, A.B. and D.B., are entitled to compensatory damages, injunctive relief, declaratory relief and attorneys' fees and costs.

WHEREFORE, Plaintiffs, A.B. and D.B., request that this Court enter judgment in their favor, and against Defendant, SCHOOL BOARD OF SANTA ROSA COUNTY, and grant the following relief:

a.   Adjudge and declare that SCHOOL BOARD actions, policies, practices, and interactions as described herein violate the U.S. Constitution;

b.   Issue an Order enjoining Defendant from engaging in the

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

unlawful conduct complained of herein;

   c.   Award actual and compensatory damages for harms suffered due to Defendant's actions as alleged herein;

   d.   Award Plaintiff's Counsel reasonable attorneys fees and cost;

   e.   Award such other relief as the Court deems proper and just.

## <u>COUNT XXIV</u>
### <u>§ 1983 Procedural Due Process Claims for Control Over Medical Decision-Making Under the Fourteenth Amendment</u>
### (By A.B. and D.B. Against SCHOOL DISTRICT)

473.   Plaintiffs, A.B. and D.B., re-allege and incorporate paragraphs one (1) through seventy-five (75), and paragraphs seventy-nine (79) though one  hundred sixty-seven (167), above as if fully set forth herein.

474.   Parents have a fundamental right to the care, custody, and control of the medical decisions of their children.

475.   Parents cannot be deprived of this fundamental right without constitutionally sufficient due process under the Fourteenth Amendment.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 168 of 172*

476.   Plaintiff A.B. and D.B. bring this claim against Defendant SCHOOL BOARD, because SCHOOL BOARD's employees and contractors initiated involuntary examinations of C.B. under the Baker Act without notifying or seeking consent from his parents, and/or over the parents objections.

477.   No actual or perceived emergency existed that would justify Defendants depriving C.B.'s parents of their fundamental rights without any due process protections.

478.   The failure to provide any type of notice or consent requirement prior to employing the Baker Act on a child in this situation is unconstitutional and violates A.B. and D.B.'s procedural due process rights.

479.   These violations of A.B. and D.B.'s rights by police officers and employees or contractors working in Santa Rosa County schools were the result of longstanding SCHOOL BOARD's  policies adopted by, ratified by, acquiesced to and endorsed by Defendant, and its

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 169 of 172*

predecessors.   SCHOOL BOARD'S policies still do not provide that parents need to be asked for their opinion, let alone consent, about whether their children should be sent for involuntarily examination.

480.   These violations were also the result of those Defendant's failure to supervise and train its employees and contractors to seek parental consent before initiating a Baker Act examination. Despite being aware that hundreds of children were being seized for involuntary examination under the Baker Act and that many of those Baker Acts could be prevented by contacting children's parents, Defendant failed to train their officers or contractors to do so.

481.   These violations interfered with C.B.'s parents' ability to make the best medical decisions for their child, harming the interests of both parents and child in ensuring that children's medical needs are met adequately. Without adequate relief A.B. and D.B. are at significant risk of suffering similar harms in the future.

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 170 of 172*

482.  Due to Defendant's ongoing violations of the Fourteenth Amendment, injunctive and declaratory relief are appropriate remedies.

483.  Plaintiffs, A.B. and D.B., are entitled to compensatory damages, injunctive relief, declaratory relief and attorneys' fees and costs.

WHEREFORE, Plaintiffs, A.B. and D.B., request that this Court enter judgment in their favor, and against Defendant, SCHOOL BOARD OF SANTA ROSA COUNTY, and grant the following relief:

a.  Adjudge and declare that Defendant, SCHOOL BOARD'S actions, policies, practices, and interactions as described herein violate the U.S. Constitution;

b.  Issue an Order enjoining SCHOOL BOARD, from engaging in the unlawful conduct complained of herein;

c.  Award actual and compensatory damages for harms suffered due to Defendants' actions as alleged herein;

d.  Award Plaintiffs' Counsel reasonable attorneys fees and cost;

---

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

e.      Award such other relief as the Court deems proper and just.


**PLAINTIFF DEMANDS A TRIAL BY JURY**.


Respectfully submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 015484
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorney for Plaintiffs*

And

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, FL 33146
Tel:   305.230.4884
brian@fairlawattorney.com
*Attorney for Plaintiffs*

*Amended Complaint – Figueroa., et al  v. SANTA ROSA COUNTY SHERIFF'S DEPARTMENT, et al.*

*Law Office of J.J. Talbott*
*900 East Moreno Street*
*TEL 850-437-9600   FAX 850-437-0906*
*www.JJCanHelp.com*

*Page 172 of 172*